J. B. EMERY ET AL., APPELLANTS, *v.* M. T. LANGLEY, RESPONDENT.

TENDER—WAIVER OF.—A tender of cattle upon a contract, within the time specified, is waived by a subsequent acceptance of them upon the contract.

INSTRUCTION—EXCEPTIONS—RECORD.—An instruction, not excepted to, in a civil case, is not properly a part of the record, and can not be reviewed upon an appeal.

ORDERS AFTER JUDGMENT—APPEAL—PRACTICE.—An order refusing to retax costs, if made after the rendition and entry of final judgment, can only be reviewed upon an appeal from the order.

JUDGMENT FOR GOLD COIN.—A gold-coin judgment is not erroneous when the question is in issue whether an oral contract required payment in gold coin or currency.

APPEAL from the second judicial district, Ada county.

*Huston & Gray,* for the appellants.

*Brumback & Cahalan,* for the respondent.

PRICKETT, J., delivered the opinion. HOLLISTER, C. J., and CLARK, J., concurred.

This action was brought to recover a balance of one hundred and seventy dollars and ninety-one cents in gold coin, on a sale by plaintiffs to defendant of a span of horses, a wagon, and set of harness. Also, eight dollars and fifty cents on account for goods sold.

The defendant admits the purchase of the horses, wagon, and harness, but denies that the agreement was to pay in gold coin therefor, or that he agreed to pay the full sum charged therefor by the plaintiffs. He alleges that at the time of the contract it was agreed that he should pay for the property purchased, in cattle, at the price of beef cattle in Placerville and Idaho city, in March, 1875, which he alleges to have been eight cents per pound. That in March, 1875, he offered to deliver the cattle to plaintiffs, who then refused to receive them, but afterwards, about August 1, 1875, did receive nine head of cattle on said contract. Other matters of set-off, overbalancing plaintiffs' claim, are alleged in the answer, and the defendant prays a currency judgment in his favor for one hundred and four dollars and twenty-three cents. The cause was tried by a jury, and a verdict and judgment of twenty-seven dollars and twenty-nine cents in coin, with costs, was rendered for defendant. A motion for a new trial was made and overruled, and plaintiffs appealed from the order and from the judgment.

The appellants claim that the evidence will not support the verdict in favor of the defendant upon his own statement of the facts, because it does not show a tender of the cattle at the time and place that he alleges in his answer they were to be delivered, or at all. It is quite immaterial whether there was any legal tender of the cattle or not, if, as is alleged in the answer, the plaintiffs afterwards accepted and received them on the contract. The plaintiffs, by such acceptance, entirely waived the failure by defendant to perform that condition of the contract. There is sufficient evidence to support the verdict on the ground of a subsequent receiving of the cattle by the plaintiffs, and it was for

the jury to determine from the evidence, whether they were so received at the contract price alleged, or at the market value.

The appellants allege error in one of the instructions given by the court, on behalf of the defendant, to the jury, but as no exception was taken to the instruction in the district court, it is not the subject of review in this court.

The judgment is alleged to be erroneous, because it is for gold coin; whereas the defendant, in his answer, claims a currency judgment. The question, however, as to whether the balance, which might be found due to either of the parties, was so due in gold coin or currency, was fairly put in issue by the pleadings, and it was proper for the jury to determine in what kind of money the contract required such balance to be paid. The appellants further assign as error the refusal of the judge of the court below to entertain a motion for the retaxation of costs. The order sustaining an objection to such taxation was made more than two months subsequent to the rendition of the judgment, and can not be reviewed upon an appeal from the judgment. Only "intermediate" orders can be thus reviewed.

The order complained of is "a special order made after final judgment," and such orders can only be reviewed here upon an appeal from the order itself.

The judgment and order refusing a new trial are each affirmed.