JOHN MATHISON, RESPONDENT, v. ALONZO LELAND ET AL., APPELLANTS.

UNDERTAKINGS ON APPEAL—DISMISSAL OF APPEAL.—If an appeal is taken from the judgment, and also from an order refusing a new trial, and an undertaking is given "on such appeal" without stating upon which appeal it is given, the appeals will be dismissed for want of a proper undertaking.

APPEALS—UNDERTAKINGS.—When two appeals are taken, one from the judgment, and the other from an order refusing a new trial, there should be two undertakings in order to render both appeals effectual.

APPEAL from the first judicial district, Idaho county. Motion to dismiss the appeal.

*Alanson Smith,* for the motion.

*Huston & Gray, contra.*

HOLLISTER, C. J., delivered the opinion. PRICKETT, J., concurred. CLARK, J., having been of counsel, took no part in the hearing or decision.

This is a motion by the respondent to dismiss the appeal from the order denying a motion for a new trial, and from the judgment of the court below, on the ground, among other things, of the want of sufficient undertaking. It appears from the transcript that the appeal was taken, both from the order denying the motion for a new trial and from the judgment. To render such an appeal effectual, it is necessary, under the statute, that there should be two undertakings, which may be in one or separate instruments, one on the appeal from the order and one from the judgment, so that in case of a breach, such damages may be awarded as the obligee may show himself entitled to by the judgment rendered thereon by this court.

The undertaking in this case recites that the appellants are about to appeal to the supreme court from a judgment made and entered against them in the district court in favor of the respondent, for the recovery of the possession of certain real property (naming it), and also from the order denying their motion for a new trial; and then, in consideration of the premises, and of such appeal, the obligors do severally and jointly undertake and promise, upon the part of the appellants, that they will pay all costs and damages which may be awarded against them on the appeal or dismissal thereof, not exceeding three hundred dollars. It is evident that such an undertaking covers but one appeal, and that it is impossible, upon an inspection of it, to determine to which appeal it applies.

This being the case, we must hold that neither the appeal from the order nor from the judgment is well taken, and

that they must both be dismissed at the costs of the appellants, and that the judgment of the district court and the order of the judge refusing a new trial, be affirmed.

Appeal dismissed.