(February 17, 1885.)

## EDDY v. VAN NESS.

[6 Pac. 115.]

APPEAL BOND—VOID FOR UNCERTAINTY.—When two appeals are taken, one from the judgment and the other from an order denying a new trial, and an undertaking is given "on such appeal," the bond is void for uncertainty, and the appeals will be dismissed, because no undertaking was filed in either appeal.

(Syllabus by the court.)

APPEAL from District Court, Alturas County. Appeal dismissed.

In this case there is nothing in the briefs of either party on the point upon which the cause was dismissed, to wit, want of an undertaking on appeal.

Kingsbury & McGowan and Prickett & Lamb, for Appellants.

F. E. Ensign and J. Brumback, for Respondents.

MORGAN, C. J.—In this case the appellants filed and served notice of appeal, both from the order refusing a new trial and from the judgment. The appeal in this case and the undertaking placed on file are precisely the same as the appeal and undertaking in the case of *Mathison v. Leland*, 1 Idaho, 712. The undertaking recites that the appellants are about to appeal from the judgment made and entered against them, and also from the order denying a new trial, and then undertakes to pay all costs and damages which may be awarded against them on the appeal or dismissal thereof, not exceeding $300. The court say, in *Mathison v. Leland, supra* "It is evident that such an undertaking covers but one appeal, and it is impossible, upon an inspection of it, to determine to which appeal it applies. This being the case, we must hold that neither the appeal from the judgment nor from the order is well taken." Upon the hearing of the motion to dismiss the appeal in this case, counsel for appellants stated that he had taken means to procure a good undertaking. The court, however, cannot determine in which appeal there is an insufficient undertaking, and in which there is none. The undertaking is therefore void for uncertainty. We think we must hold that there is no undertaking in either. The certificate of the clerk is also defective in not stating that an undertaking in due form was properly filed; and the clerk could not make such certificate, since no undertaking in due form was ever filed.

Appeal dismissed.

Buck and Broderick, JJ., concurred.