(January 25, 1886.)

## MOTHERWELL v. TAYLOR.

### [9 Pac. 417.]

PRACTICE—VOID UNDERTAKING ON APPEAL.—When an appeal is taken from the judgment, also from an order refusing a new trial in the same case, and an undertaking given in the sum of three hundred dollars in such an appeal, the bond is void and the appeals should be dismissed.

SAME—PRESENTING NEW BOND ON APPEAL.—When an undertaking on an appeal is void, the filing of a new and sufficient undertaking at the hearing of motion to dismiss the appeal will not avail the appellant.

APPEAL from District Court, Ada County. Appeal dismissed.

L. Vineyard, for Appellants.

F. E. Ensign, for Respondent.

No briefs on file in this case.

HAYS, C. J.—This is a motion by respondent to dismiss the appeal from the order denying motion for a new trial, also from the judgment of the court below, on the ground, among other things, that the undertaking is insufficient and void. The appeal and the undertaking in this case are substantially like those in *Mathison v. Leland,* 1 Idaho, 712; *Eddy*

*v. Van Ness,* 6 Pac. 115. The appellant seeks in each of these cases to appeal from the order denying a new trial, and from the judgment therein.

The undertaking in this case, among other things, sets out that whereas the plaintiffs appeal to the supreme court of the territory of Idaho from the judgment and decree made and entered against said plaintiffs in said action, etc.; and that the plaintiffs also appeal to said supreme court from the order of said district court overruling plaintiffs' motion for a new trial in said action; and then undertakes to pay all damages awarded against them on appeal, or on a dismissal thereof, not exceeding the sum of $300. It was held by this court in the case of *Mathison v. Leland, supra,* that such an undertaking covers but one appeal, and that it was impossible upon inspection to determine to which appeal it applied, and that neither the appeal from the order or from the judgment was well taken, and therefore the appeal was dismissed. It was held in *Eddy v. Van Ness, supra,* that such an undertaking was void, and therefore there was no undertaking in either appeal, and in that case also the appeal was dismissed.

Upon the hearing of motion to dismiss appeal appellants presented to this court two good and sufficient undertakings, approved by a justice of the supreme court, and asked that the same be filed pursuant to section 657 of the code. In the case of *Emery v. Langley,* 1 Idaho, 694, the undertaking was simply insufficient, while in this case, following the former adjudications of this court, the undertaking is void. We are aware the practice has been different in California from what it is in this territory; but, after an examination of the authorities cited, are satisfied that the courts of that state are guided more by precedent than by sound legal principle in this class of cases. It seems from the former adjudications of this court that a distinction has been drawn between the insufficient undertaking and the one that is void. We must therefore hold that the filing of sufficient undertaking at the hearing of motion to dismiss will not avail the appellants.

The appeal is dismissed, without prejudice to another appeal.

Buck and Broderick, JJ., concur.