(December 15, 1892.)

CRONIN ET AL. v. BEAR CREEK GOLD MINING CO.

[32 Pac. 53.]

UNDERTAKING ON APPEAL—VOID FOR UNCERTAINTY—DISMISSED.—Appeals taken from order refusing new trial, and from the judgment in which undertaking is given that does not specify to which appeal it relates, is void for uncertainty, and appeals will be dismissed.

APPEAL from District Court, Elmore County.

Wyman & Wyman, for Appellants.

Richard Z. Johnson & Sons, for Respondent.

MORGAN, J.—This action was brought in the district court of Elmore county, by plaintiffs against defendant, upon an adverse claim to mining property. The cause was tried before the court without a jury November 4, 1891, and a judgment of nonsuit and for costs was rendered on the above date. Motion for new trial, having been made, was heard before the judge of said court, at chambers, on the seventh day of October, 1892, and overruled on said date, as appears by the record. On October 21, 1892, plaintiffs gave notice of appeal both from the judgment and from the order overruling motion for new trial. Undertaking on said appeal was duly filed, in the following form:

"[Title of Court and Cause.]

"Whereas, the plaintiffs in the above-entitled action are about to appeal to the supreme court of the state of Idaho, from a judgment rendered against them in the above-entitled court on the fourth day of November, 1891, and in favor of the defendant, for the sum of eighty dollars and twenty-five cents, and also from the order denying the motion for new trial made and entered on the seventh day of October, 1892: Now, therefore, in consideration of the premises and of such appeal, we, the undersigned, residents of the state of Idaho, do hereby, jointly and severally, undertake and promise, on the part of the plaintiffs and appellants, that the said appellants will pay all damages and costs which may be awarded against them on the appeal, or a dismissal thereof," etc.

Respondent moves to dismiss both appeals on the ground that the undertaking therein is void.

This bond is, in form, precisely like the bond in *Mathison v. Leland,* 1 Idaho, 712, and in *Eddy v. Van Ness,* 2 Idaho, 101, 6 Pac. 115, in both of which cases, decided in this court, the court held that the bond being but for one appeal, and not specifying either, is void as to both. On the authority of the above cases, both appeals are dismissed. Costs awarded to respondent.

Sullivan, C. J., and Huston, J., concur.