(November 18, 1897.)

## KELLY v. LEACHMAN.

[51 Pac. 407.]

APPEAL—DISMISSED FOR WANT OF UNDERTAKING.—Where appeal is taken both from the judgment and the order overruling a motion for a new trial, an undertaking reciting that appellants will pay all damages and costs that may be awarded against them on the "appeal" is void for uncertainty, and the appeal will be dismissed.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

Eugene O'Neill, for Appellants.

The motion of respondent is to dismiss the appeal. It is based on the "ground that the undertaking on appeal . . . . is insufficient and void for uncertainty." The condition portion of the bond is as follows: "Now, therefore, in consideration of the premises and of such appeal from said judgment and from said order, we, the undersigned residents of the county of Nez Perces, in the state of Idaho, do hereby jointly and severally undertake and promise on the part of appellant that the said appellants will pay all damages and costs which may be awarded against them on the appeal, or on a dismissal thereof, not exceeding $300, to which amount we acknowledge ourselves jointly and severally bound." The objection in notice is that the undertaking on appeal is insufficient and void for uncertainty. This principle is too general to require any authorities on the proposition. It has been held to objections to appeal bonds, and among others in the case of *Casey v. Peebles,* 13 Neb. 7, 12 N. W. 840; *Swasey v. Adair,* 83 Cal. 136, 23 Pac. 284; *Dyer v. Bradley,* 88 Cal. 590, 26 Pac. 511; *Williams v. Dennison,* 86 Cal. 430, 25 Pac. 244. What interpretation is to be placed on the words and terms of this undertaking as it stands? The singular includes the plural. (Rev. Stats., sec. 16; 2 Wharton on Contracts, sec. 667.) The intention of the parties is to control. (11 Am. & Eng. Ency. of Law, p. 511, note 4.) The whole contract is to be read together. (11 Am. & Eng. Ency. of Law, 515; 2 Parsons on Contracts, 501, 502;

2 Wharton on Contracts, sec. 262; 1 Wharton on Contracts, sec. 210.) Moreover, our legislature has indicated in its act of February 14, 1895 (Sess. Laws 1895, p. 18), an intention to do away with strict construction of bonds, and an intention to bind sureties more stringently and completely than under the former statute. In California amendments and new bonds have been allowed. The court is disposed to be technical. (*Williams v. Dennison*, 86 Cal. 430, 25 Pac. 244; *Webb v. Trescony*, 76 Cal. 621, 18 Pac. 796; *Granger v. Robinson*, 114 Cal. 631, 46 Pac. 604; *Swain v. Graves*, 8 Cal. 550.) In Montana amendments of bonds and filing of new bonds allowed under statutes like our own. (*Woodman v. Calkins*, 12 Mont. 456, 31 Pac. 63; *Territory v. Milroy*, 7 Mont. 559, 19 Pac. 209.) In Nevada one appeal bond on an appeal from several orders was held sufficient. (*Edgecomb v. His Creditors*, 19 Nev. 149, 7 Pac. 533.) In Oregon a new bond may be filed in the appellate court on reasons shown why bond was not filed in the beginning. (*Hawthorne v. East Portland*, 12 Or. 210, 6 Pac. 685.)

James W. Reid, for Respondent.

This court has frequently held that where the bond is so uncertain that you cannot state accurately and specifically to which appeal the condition refers, the appeal must be dismissed because the bond is void for uncertainty. (*Sebree v. Smith*, 2 Idaho, 359, 16 Pac. 477; *Motherwell v. Taylor*, 2 Idaho, 148, 9 Pac. 417; *Eddy v. Vanness*, 2 Idaho, 101, 6 Pac. 115.)

SULLIVAN, C. J.—This is an appeal from the judgment and order overruling motion for a new trial. A motion was made to dismiss the appeal, on the ground that the undertaking was void for uncertainty. In the preamble of the undertaking it is recited that the appeal is from the judgment, and from the order denying a motion for a new trial. And in the obligation the obligors agreed that said appellants will pay all damages and costs that may be awarded against them on the "appeal." On the authority of *Sebree v. Smith*, 2 Idaho, 359, 16 Pac. 477; *Motherwell v. Taylor*, 2 Idaho, 148, 9 Pac. 417, *Eddy v. Vanness*, 2 Idaho, 101, 6 Pac. 115, and *Schiller v. Small*, 4 Idaho, 422, 40 Pac. 53, the appeal must be dismissed. This

question has been passed upon so frequently by this court that the wonder is that attorneys are not more careful in preparing their undertakings on appeal. The motion is granted, and the appeal dismissed; costs of this appeal granted to the respondent.

Huston and Quarles, JJ., concur.

### ON REHEARING.

QUARLES, J.—The question that is raised in this case by petition for rehearing has been prolific of annoyance to the court, but has been fully settled by repeated decisions. Where there are two appeals, there need be only one undertaking on both; but the undertaking must be so worded that the sureties will be liable for the costs that may be awarded against the appellant on either of the appeals, or on a dismissal of either of said appeals. If two appeals are taken, and the undertaking binds the sureties with certainty to pay the costs that may be awarded on one of the appeals only, or a dismissal thereof, but does not so bind them on the other appeal, the undertaking will support the first appeal, but will not support the last one. In the case at bar there are two appeals, both of which are recited in the undertaking; but the sureties stipulated that "we, the undersigned, residents of the county of Nez Perces, in the state of Idaho, do hereby jointly and severally undertake and promise on the part of the appellants that the said appellants will pay all damages and costs which may be awarded against them on the appeal or on a dismissal thereof, not exceeding $300, to which amount we acknowledge ourselves jointly and severally bound." There being two appeals, and the sureties undertaking on one only, without designating which one, the undertaking is void for uncertainty. Parties appealing should have no trouble in giving a sufficient undertaking on appeal. If the undertaking in question had only recited one appeal, it would have been good as to that one. If it had said "on said appeals, or either of them," it would have been sufficient. In addition to the cases cited in the original opinion, see the following named cases, decided by this court: *McCoy v. Oldham,* 1 Idaho, 465; *Matthison v. Leland,* 1 Idaho, 712; *Cronin v. Mining Co.,* 3

Idaho, 438, 32 Pac. 53; *Young v. Tiner,* 4 Idaho, 269, 38 Pac. 697; *Hoskins v. Wooden,* 4 Idaho, 293, 38 Pac. 933; *Schiller v. Small,* 4 Idaho, 422, 40 Pac. 53; *Weil v. Sutter,* 4 Idaho, 748, 44 Pac. 555; *Thiessen v. Riggs,* ante, p. 487, 51 Pac. 107. The object in requiring an undertaking on appeal is to protect the respondent from damage when there is no merit in the appeal, or the appeal is not prosecuted with effect. The sureties are bound by the precise terms of their undertaking, and not otherwise. If they stipulate as to one appeal only, the undertaking must be so certain that there can be ascertained from the letter thereof the identical appeal in which they agree to be bound. A void bond on appeal cannot be amended, and the statute does not so authorize. A rehearing is denied.

Sullivan, C. J., and Huston, J., concur.