MONTGOMERY, Executor, Appellant, vs. THE AMERICAN CENTRAL INSURANCE COMPANY and others, Respondents.

*April 6 — April 27, 1900.*

*Appeal: Notice: Separate judgments against insurance companies.*

The "separate" judgments entered pursuant to sec. 2609*a*, Stats. 1898, against the defendants in a consolidated action upon insurance policies issued by different companies, cannot be brought up for review by a single notice of appeal.

APPEAL from judgments of the circuit court for Brown county: S. D. HASTINGS, JR., Circuit Judge. *Appeal dismissed.*

Montgomery vs. The American Central Ins. Co. and others.

This is a consolidated action upon six policies of fire insurance issued by five different companies upon certain buildings owned by plaintiff's testatrix, which were afterwards burned. Separate actions were originally commenced against the different companies, but they were afterwards consolidated, and all tried together as one action, under the provisions of secs. 2609a and 2792, Stats. 1898. It appeared upon the trial that, after the insured buildings had been destroyed by fire, the plaintiff's testatrix entered into written agreements, identical in terms, with each of the defendant companies, providing for appraisal of the loss by two appraisers and that their award should be final and conclusive as to the amount of the loss. The appraisers made their awards, and each of the defendant companies tendered the plaintiff's testatrix its proportionate share of the loss so appraised, but the tenders were refused and these actions commenced. After the action was brought, each of the defendant companies served a written offer of judgment for its proportionate share of the appraised loss, with costs (under sec. 2789), but the offers were not accepted. The court submitted to the jury only the question as to the amount of the loss, deeming there was no other question of fact in the case, and the jury found the loss to be considerably in excess of the award of the appraisers. Afterwards the court held that the award made by the appraisers was final and fixed the plaintiff's entire loss, and rendered a separate judgment against each company for its proportionate share of the award, but not including any costs in favor of plaintiff, and less all costs of each defendant since the time of the offer. From all of these judgments the plaintiff attempted to appeal by giving a single notice of appeal and a single undertaking.

For the appellant there was a brief by *Wigman, Martin & Martin*, and oral argument by *P. H. Martin*.

For the respondents there was a brief by *Van Dyke & Van Dyke & Carter*, and oral argument by *W. D. Van Dyke*.

WINSLOW, J.   This case was fully argued, and it is unfortunate that we are unable to decide it upon the merits, but we are met with an objection upon the threshold which necessitates dismissal of the supposed appeal.   This court has uniformly held that two judgments cannot be brought to this court by a single notice of appeal, and that such an appeal must be dismissed because the statute does not authorize it.  *White v. Appleton*, 14 Wis. 190;  *Ballou v. C. & N. W. R. Co.* 53 Wis. 150.   So far as judgments are concerned, this rule was not affected by the provisions of sec. 3042a, S. & B. Ann. Stats. (now incorporated in sec. 3049, Stats. 1898), because that statute simply allowed two or more appealable orders in an action to be brought up for review by one notice and undertaking, either with or without the judgment.   So the question here is simply whether there is one judgment in the present action or five judgments.   Upon this question there seems to be no room for doubt.   The statute authorizing the joining in one action of claims against several insurance companies for loss arising from the destruction of property by fire (Stats. 1898, sec. 2609a) provides that " a *separate* judgment shall be rendered against each company for the sum for which it is found to be liable," together with its proportion of taxable costs. Language could hardly be used which would more clearly indicate that the joinder of actions is simply for the purpose of avoiding the trouble and expense of separate trials, but that after the trial, if the plaintiff recovers, he obtains a separate and distinct judgment against each company.  *Dick v. Equitable F. & M. Ins. Co.* 92 Wis. 46.

Being separate judgments, they cannot, under the rule above stated, be brought here by one notice of appeal.

*By the Court.*— Appeal dismissed.