(June 30, 1906.)

## CHARLES E. THUM, Respondent, v. JEREMIAH W BAILEY, Appellant.

[86 Pac. 279.]

UNDERTAKING ON APPEAL—SUFFICIENCY OF—UNCERTAINTY.

  1. Where two appeals are taken and only one undertaking on appeal given, without reciting to which appeal it applies, the same is void for uncertainty, and such appeals will be dismissed on motion.

(Syllabus by the court.)

APPEAL from the District Court of the Fourth Judicial District for Elmore County. Hon. Lyttleton Price, Judge.

Action to determine the ownership of mining claims. Judgment for the plaintiff. *Motion to dismiss appeal sustained.*

M. G. Cage and Hawley, Puckett & Hawley, for Appellant, cite no authorities on the point decided.

F. S. Dietrich and Wyman & Wyman, for Respondent.

No sufficient undertaking on appeal was filed in this cause, upon the appeal from the judgment or from the order overruling the motion for new trial, the undertaking filed being fatally ambiguous. (*Baker v. Railway Co.*, 8 Idaho, 361, 66 Pac. 806; *Wallace v. McKinley*, 6 Idaho, 95, 53 Pac. 104; *Kelly v. Leachman*, 5 Idaho, 521, 51 Pac. 407, and cases cited.)

SULLIVAN, J.—This is an appeal from the judgment and the order denying a new trial. Counsel for respondent has made a motion to strike out part of the transcript and also a motion to dismiss the appeal on two grounds. In our view of the matter it will be necessary for a determination of the case to decide one of the points raised by the motions, and that is the sufficiency of the undertaking on the appeals, one ap-

peal being from the judgment and one from the order denying a new trial.

In the preamble of the undertaking is recited the fact that the appeals are from the judgment and the order overruling the motion for a new trial, and the obligation is as follows:

"Now, therefore, in consideration of the premises, and of such appeal, we, the undersigned, do hereby jointly and severally undertake and promise on behalf of the defendant that the said defendant will pay all damages and costs which may be awarded against defendant on the appeal, or a dismissal thereof, not exceeding the sum of $300, three hundred dollars, for which amount we acknowledge ourselves jointly and severally bound."

This court has held in many cases that where an appeal is taken both from the judgment and from the order denying a new trial, and it is recited in the obligation of the undertaking that the obligors undertake and promise that the appellant will pay all damages and costs awarded against him on the "appeal or a dismissal thereof," it is void for uncertainty, and that a motion to dismiss the appeal must be sustained. (*Motherwell v. Taylor,* 2 Idaho, 139, 9 Pac. 417; *Kelly v. Leachman,* 5 Idaho, 521, 51 Pac. 407, and authorities there cited; *Baker v. Oregon Ry. & Nav. Co.,* 8 Idaho, 36, 66 Pac. 806.)

On the authority of those cases the appeal must be dismissed, and it is so ordered, with costs in favor of respondent.

Stockslager, C. J., and Ailshie, J., concur.