## HAMPTON v. JOHNSON.

No. 1759.   Opinion Filed May 14, 1912.

(123 Pac. 1067.)

**JUSTICES OF THE PEACE—Appeal—Proceedings to Transfer Cause—
Bond.**   The same plaintiff filed and prosecuted against the same
defendant in a justice of the peace court two separate actions, and
upon separate trials obtained separate judgments.   Defendant
thereafter filed in the justice court a bond, wherein he states
that a judgment has been obtained against him in said court for
a sum which was the amount of neither of the judgments ob-
tained by plaintiff, and conditioned that, if defendant ''fails to
prosecute his appeal from the said judgment,'' or ''if said ap-
peal is withdrawn or dismissed,'' defendant would pay the amount
of the judgment appealed from and all costs; or, ''if the said ap-
peal is prosecuted,'' then defendant would pay the amount of any
judgment and all costs that may be recovered against him in the
county court.   **Held,** that said bond is void, because so ambiguous
and uncertain in its terms that it cannot be ascertained from
which judgment defendant intended to appeal or which judgment
it was intended that said bond should supersede.

(Syllabus by the Court.)

*Error from Lincoln County Court;
Fred A. Wagoner, Judge.*

Action by L. B. Hampton against W. H. Johnson.   From a
judgment for defendant in the county court on appeal from a
judgment for plaintiff in justice court, plaintiff brings error.   Re-
versed, with instructions to dismiss.

*Geo. B. Rittenhouse, F. A. Rittenhouse, W. E. Wells,* and
*Frank E. Lee,* for plaintiff in error.

*M. D. Owen,* for defendant in error.

HAYES, J.   Plaintiff in error originally instituted two sepa-
rate suits in a justice court of Lincoln county against defendant
in error to recover upon two open accounts for groceries and
supplies furnished to two tenants of defendant in error.   Each
cause was tried separately in the justice court to a jury, and a

judgment rendered in each cause in favor of plaintiff in error for the amounts sued for by him. From these two judgments in the sum of $66.98 and $153.67, respectively, defendant in error appealed to the county court. In that court, there was a motion in each case by plaintiff in error to dismiss the appeal, because no appeal bond had been filed by defendant in error, as required by law. These motions were overruled by the trial court; and thereafter, upon motion, the two causes were consolidated and tried to a jury, who returned a verdict for defendant in error.

Several assignments of error are urged here for reversal of the judgment below; but we need only notice that one which complains of the action of the court in overruling plaintiff in error's motion to dismiss the appeals. Both judgments in the justice court were rendered on the 12th day of March, 1908. Both causes in the justice court were entitled "L. B. Hampton, Plaintiff, v. W. H. Johnson, Defendant." Within ten days after the rendition of the judgments, defendant in error filed in the justice court an appeal bond, which, omitting the caption, reads as follows:

"Whereas, on the 12th day of March, 1908, the above-named L. B. Hampton obtained a judgment against the above-named W. H. Johnson in the above-named court for the sum of $220.55, and for the further sum of $10.45, costs of said suit; and whereas, the said W. H. Johnson has appealed from the judgment of the said court to the county court of Lincoln county, said territory: Now, therefore, we, W. H. Johnson, as principal, and C. E. Kinsey, do hereby undertake and bind ourselves unto the said L. B. Hampton in the sum of $462, conditioned that, if the said W. H. Johnson fail to prosecute his appeal from the said judgment, or if said appeal is withdrawn or dismissed, then that the said appellant shall have the amount of the judgment appealed from and all costs; or, if the said appeal is prosecuted in the said county court, then that the said appellant shall pay the amount of any judgment and all costs that may be recovered against him in said action in the said county court. If these conditions are complied with, this bond to be void; otherwise to be and remain in full force and effect. W. H. Johnson, C. E. Kin-

sey. Subscribed and acknowledged before me this 18th day of March, 1908. James Harris, Justice of the Peace."

The justice thereupon filed with the county court all the papers in the above cause, including the appeal bond and transcript of his record.

Section 6387, Comp. Laws 1909, requires that a party appealing from a judgment of the justice of the peace shall, within ten days after the rendition of the judgment, enter into an undertaking to the adverse party, with at least one good and sufficient surety to be approved by the justice, in amount not less than $50 in any case, nor less than double the amount of both judgment and costs.

By section 6388, by the filing and approval of the bond prescribed by section 6387, the appeal is perfected. Defendant in error, no doubt, attempted to perfect his appeals from the two separate judgments by the filing of one bond. We know of no provision of the statute that authorizes appeals to be perfected in this way. In volume 1, Encyc. of Plead. & Pr., at page 972, it is said:

"Where distinct appeals are taken from separate judgments and orders, a separate obligation, conditioned as the statute requires, must accompany each appeal."

But whether, if the appeal bond had described the judgments in both cases and had been conditioned that both appeals would be prosecuted to effect, without unnecessary delay, and that any judgment that might be rendered in either case against defendant on appeal, including costs, would be satisfied by him, there would have been sufficient compliance with the statute, we need not here determine; for this record presents no such bond. The bond filed does not recite that two judgments were rendered; and the judgment described in the bond is for the sum of $220.55, which is the amount of neither of the judgments appealed from, and the bond is conditioned that, if defendant in error fails "to prosecute his appeal," or "if said appeal is withdrawn or dismissed," then defendant in error shall pay the amount of the judgment appealed from and all costs. It is not conditioned for the prosecution of both appeals and the payment of the judg-

ments in both cases; and it is impossible by reading this bond to tell from which of the two judgments defendant in error seeks to appeal, or in which of the two appeals, if either, the surety intended to bind himself to pay any judgment therein that might be rendered against defendant in error.

In *Cronin et al. v. Bear Creek Gold Min. Co.,* 2 Idaho, 1146, 32 Pac. 53, two appeals were taken, one from a judgment and the other from the order denying a new trial. An undertaking, promising in consideration "of such appeal" to pay all damages and costs which might be awarded against appellant "on the appeal," but not specifying which appeal, was held to be void for uncertainty as to both appeals; and that both appeals should be dismissed. Such, we think, to be the effect of the bond in this case. If it could be determined which of the two judgments it was intended to supersede, then it might, although imperfect in form, be held sufficient to perfect the appeal in that case; but its terms are so ambiguous that it must be held void, and that the filing thereof with the justice did not confer jurisdiction upon the county court in either case.

This question has not heretofore been determined by this court; but the following cases from other states support the conclusion we reach: *Centerville, etc., Co. v. Batchtold,* 109 Cal. 111, 41 Pac. 813; *McCormick v. Belvin,* 96 Cal. 182, 31 Pac. 16; *Kelly v. Leachman,* 5 Idaho, 521, 51 Pac. 407; *Creek v. Bozeman W. W. Co.,* 22 Mont. 327, 56 Pac. 362; *Casey v. Peebles,* 13 Neb. 7, 12 N. W. 840; *Montgomery v. American Cent. Ins. Co. et al.,* 106 Wis. 543, 82 N. W. 532. Where a bond has been executed and filed from which it can be ascertained what judgment is attempted to be appealed from, and the parties attempt to incorporate in the bond the conditions imposed by the statute, but by inadvertence or mistake some of the provisions have been omitted, such omission does not necessarily invalidate the bond. *Richardson et al. v. Penny,* 9 Okla. 655, 60 Pac. 501. But the purported bond in this case is so ambiguous as to be, in effect, no bond. No request was made in the court below to amend it; but, if there had been, to permit it to be

amended, so as to show from which of the two judgments it was intended by the bond to perfect an appeal, would have been,. in effect, to permit the filing of a new and an original bond, thereby perfecting the appeal after the expiration of the time under the statute for perfecting appeals, which cannot be done. Failure to file bonds as prescribed by the statute is jurisdictional, and without them the trial court was without power to proceed to trial.

The judgment, therefore, should be reversed, with direction. to the trial court to dismiss the appeals.

TURNER, C. J., and WILLIAMS and KANE, JJ., concur; DUNN, J., absent, and not participating.