FERRY, Plaintiff in error, vs. THE STATE, Defendant in error.*

*March 5—April 6, 1954.*

* Motion for rehearing denied, without costs, on June 8, 1954.

For the plaintiff in error there were briefs and oral argument by *Kenneth E. Worthing* of Fond du Lac, and *Judson J. Rikkers* of Waupun.

For the defendant in error there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and *Frederic C. Eberlein,* district attorney of Shawano county, and oral argument by *Mr. Eberlein.*

GEHL, J.   Our conclusion makes it unnecessary that we recite the facts in detail.

Defendant contends, first, that the evidence does not sustain a conviction of second-degree murder. The assignment cannot be considered by us in the absence of a motion to set aside the verdict and grant a new trial made before sentence and judgment. *O'Toole v. State,* 105 Wis. 18, 80 N. W. 915.

It is urged that the issue of second-degree manslaughter was improperly submitted. As. to the issue itself, counsel for defendant requested that it be submitted, and is in no position to assert error because his request was complied with. He attacks several of the instructions given with respect to the offense of second-degree manslaughter. The question may not be raised for the first time upon appeal. *Graves v. State,* 12 Wis. *591; *State v. Biller,* 262 Wis. 472, 55 N. W. (2d) 414.

Defendant's principal attack is made upon the court's alleged error in permitting the state's medical experts to testify in a manner so as to invade the province of the jury. The testimony was received without objection; no motion to strike it was made. In fact, some of it was elicited upon cross-examination of the experts by defense counsel. In that situation counsel may not complain. *Lyon v. Grand Rapids,* 121 Wis. 609, 99 N. W. 311; *Wolf v. Evans,* 211 Wis. 601, 247 N. W. 844.

To deny defendant's application to this court for a new trial may, without considering the reason for the rules which we deem applicable and have applied, appear to be an arbitrary refusal. When an appellate court is called upon to review a conviction and to consider errors alleged to have been committed upon the trial, it should have the benefit of the opinion of the trial judge who has before him a more complete picture than can be presented upon the printed page. He is in better position to determine whether the claimed errors were, if they are found to be errors, such as to prejudice the rights of the defendant and to influence the jury toward a conviction. Unless the error is called to his attention he is

without ability to exercise his discretion to grant or deny a motion for a new trial and we are unable to determine whether there has been an abuse of discretion. Unless we are able to say that the court abused its discretion in denying the motion we are without power to disturb its ruling. *Sweda v. State,* 206 Wis. 617, 240 N. W. 369.

"If parties desire a reconsideration in this court, they must first see that there has been a consideration in the court below." *Graves v. State, supra* (p. *663).

"While the primary object of a motion for a new trial is to secure re-examination of issues of fact, it serves also to bring to the notice of the trial court errors which may have been committed in the course of the trial, and enables the court to correct such errors without subjecting the parties to the expense and inconvenience of prosecuting review proceedings. In many jurisdictions a motion for a new trial is a condition precedent to a right to have the case reviewed in an appellate court. In other words, under the practice in most jurisdictions, it was the duty of counsel to give the trial court an opportunity, by motion for a new trial, to correct whatever errors it may have made in respect of matters which may properly be made the grounds of such a motion." 39 Am. Jur., New Trial, p. 42, sec. 17.

Counsel, who are not those who represented defendant upon the trial, ask that we invoke the authority granted by the provisions of sec. 251.09, Stats., and reverse upon the ground that it is probable that justice has miscarried. This is a "power which for very apparent reasons we exercise with some reluctance and with great caution." *Jacobsen v. State,* 205 Wis. 304, 310, 237 N. W. 142.

"Occasionally when such grave doubts exist in our minds regarding the guilt of a defendant as to make us conscientiously believe that justice probably has miscarried, we exercise the authority specifically given to us by sec. 251.09, Stats., and reverse the judgment for a new trial." *State v. Fricke,* 215 Wis. 661, 667, 255 N. W. 724.

We do not believe that the record in this case is such as to require us to exercise the authority. After a careful consideration of the entire record we cannot conscientiously say that justice has probably miscarried.

*By the Court.*—Judgment affirmed.