GRAFF, Appellant, v. ROOP, City Treasurer, and another, Respondents.

*June 1—June 26, 1959.*

604

For the appellant there was a brief by *Hale, Skemp, Hanson, Schnurrer & Sheehan* of La Crosse, and oral argument by *Quincy H. Hale.*

For the respondents there was a brief and oral argument by *John K. Flanagan,* city attorney, and *William J. Sauer,* assistant city attorney.

A brief was filed by *Lawton & Cates* of Madison, for the Wisconsin State Association of Firefighters, Wisconsin Paid Firemen's Association, and Wisconsin Policemen's Protective Association, as *amicus curiae.*

HALLOWS, J. On this appeal the appellant argues he is entitled to a new trial in the mandamus action on the grounds of newly discovered evidence, and in any event this court should take jurisdiction under sec. 251.09, Stats., because the question of whether he was entitled to a pension has not been fully litigated. Appellant also argues that the defendants had no authority to refuse to honor the warrants; that the determination of the pension board was conclusive upon the trial court, and that his heart condition was a disease due to his occupation. These last three issues are not properly before us on appeal from the order denying a new

trial. No appeal was taken from the judgment of November 15, 1957, dismissing the alternative writ of mandamus in which these questions were or might have been raised.

But it is urged on this appeal that the court, under sec. 251.09, Stats., should reverse the trial court and require it to rehear the issues in the light of new evidence presented the board on rehearing; or, in the alternative, reverse the order of the trial court, affirm the decision of the board granting the pension, and direct the defendants to honor the warrants.

The appellant has misconceived the basis on which this court will exercise its discretionary reversal power under sec. 251.09, Stats., 29 W. S. A., p. 18. This section was not intended to bring before the court issues which should have been raised by appeal from the judgment involving such issues. The section presupposes a timely appeal from a judgment involving the issues and should not be the basis of abrogating or rendering inoperative the time within which an appeal must be taken under sec. 274.01. In the exercise of its discretionary power to reverse, the court can disregard the failure to make proper motions, objections, or exceptions before the trial court, but in such instances there is a judgment properly on review before the court. *DeKeyser v. Milwaukee Automobile Ins. Co.* (1941), 236 Wis. 419, 295 N. W. 775; *Reuling v. Chicago, St. P., M. & O. R. Co.* (1950), 257 Wis. 485, 44 N. W. (2d) 253. The power to reverse a judgment on the grounds that justice has been miscarried is exercised with great caution and sparingly. *Guptill v. Roemer* (1955), 269 Wis. 12, 68 N. W. (2d) 579, 69 N. W. (2d) 571; *Ferry v. State* (1954), 266 Wis. 508, 63 N. W. (2d) 741.

The only question properly before this court is whether the trial court should have granted a new trial on the grounds of newly discovered evidence. The evidence offered before the board was not of a character to qualify as newly dis-

covered evidence if offered in a trial court under the rules laid down in *Estate of Teasdale* (1953), 264 Wis. 1, 58 N. W. (2d) 404, and *Estate of Eannelli* (1955), 269 Wis. 192, 68 N. W. (2d) 791. These requirements are: (1) The evidence must come to the knowledge of the party after the trial; (2) the party must not have been negligent in seeking to discover it; (3) the evidence must be material to the issue; (4) the evidence must not merely be cumulative to testimony introduced at the trial; and (5) it must be reasonably probable that a different result will be reached on a new trial.

This additional evidence was presented to the board on rehearing and could only come before the trial court on review of the board's redetermination. This redetermination was not newly discovered but newly made. The trial court did not abuse its discretion in denying the plaintiff's motion.

The real controversy has been tried before the board. The plaintiff's problem is the enforcement of the board's redetermination. It would seem that the new determination of the board should be considered or reviewed on its merits in a proper proceeding to enforce or review it. We do not intend this decision to preclude such action.

*By the Court.*—Order appealed from is affirmed.

MARTIN, C. J., took no part.