Ronzani, Plaintiff in error, v. State, Defendant in error.

*June 3—June 30, 1964.*

514

For the plaintiff in error there was a brief and oral argument by *Michael J. Barron* of Milwaukee.

For the defendant in error the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *George Thompson,* attorney general, *William A. Platz,* assistant attorney general, *William J. McCauley,* district attorney of Milwaukee county, and *Aladin A. De Brozzo,* deputy district attorney.

GORDON, J.  The state urges that the instant writ must be dismissed for the reason that there were two separate judgments of conviction and there is only one writ of error seeking a review of both of said judgments. *Montgomery v. American Central Ins. Co.* (1900), 106 Wis. 543, 545,

82 N. W. 532. We consider that this defect is cured in the instant case by sec. 269.51 (1), Stats., which provides that when an appeal is attempted and a return is duly made, the respondent who has not moved to dismiss the appeal shall be deemed to have waived all objections to the regularity of the appeal. *Ford v. Rothwell* (1964), 23 Wis. (2d) 80, 83, 126 N. W. (2d) 489; *Fox v. Koehnig* (1926), 190 Wis. 528, 530, 209 N. W. 708. Since the state did not make a timely objection nor bring a motion to dismiss, we conclude that under sec. 269.51 (1) the irregularity of attempting to have two judgments reviewed via one writ has been waived.

The gravamen of Ronzani's requested review is that a new trial should be granted in the interests of justice because the accused entered ill-advised pleas of guilty. It is contended that Ronzani had perfected a withdrawal before the commission of the crimes and also that he signed a statement at the police station which was not the product of his free will. Ronzani had the benefit of legal counsel and entered guilty pleas. The trial court made an adequate record before adjudging the accused to be guilty upon his pleas. *Pulaski v. State* (1964), 23 Wis. (2d) 138, 144, 126 N. W. (2d) 625.

The record before us does not disclose such probability of the miscarriage of justice to warrant our use of the discretionary power of sec. 251.09, Stats. See *Ferry v. State* (1954), 266 Wis. 508, 511, 512, 63 N. W. (2d) 741.

Although the issue is not urged in Ronzani's brief, the state has brought to our attention the fact that there is an overlapping in connection with the two charges of which Ronzani was convicted and sentenced. Ronzani was convicted of third-degree murder, also known as felony murder, under sec. 940.03, Stats. He was also convicted of the

underlying felony of attempted armed robbery under secs. 943.32 and 939.32. There is no question but that Ronzani was adjudged guilty of both a felony and a murder which occurred in the course of the perpetration of such felony.

The sentences for the two respective crimes were made to run consecutively. The trial court did not assess the maximum sentence for the felony murder but instead actually sentenced Ronzani to fifteen years for such crime. The maximum punishment for the attempted armed robbery is fifteen years, and the trial court ordered a ten-year sentence in connection with such felony.

A fundamental error occurred when Ronzani was convicted on both charges and sentenced thereunder. In *State v. Carlson* (1958), 5 Wis. (2d) 595, 93 N. W. (2d) 354, this court pointed out that it is proper when a death occurs during the course of a felony to charge the accused with only third-degree murder. However, a separate verdict regarding the underlying felony is to be submitted to the jury, because such underlying felony is an included crime within the meaning of sec. 939.66 (1), Stats. In the *Carlson Case,* this court said, at page 609:

"But the jury should be instructed to sign but one verdict, so that if they found the defendant guilty of third-degree murder they would make no finding with respect to the separate form of verdict of [the underlying felony]."

Unlike the *Carlson Case,* there is distinct prejudice to the accused in this case because of the fact that here the sentences for the separate crimes were made to run consecutively. It follows that the conviction and sentence for the attempted armed robbery must be set aside.

We find no irregularity, however, in the conviction for third-degree murder. In our opinion, Ronzani was "duly

convicted" of such crime upon his plea of guilty thereto. Sec. 939.73, Stats. The sentence for such conviction should, however, be set aside and the cause remanded to the trial court for the purpose of resentencing as to the crime of third-degree murder. We have determined to remand for resentencing because the original sentence of Ronzani for third-degree murder may reflect the trial court's erroneous conclusion that a consecutive sentence could also be given for the attempted armed robbery. In connection with such resentencing, the trial court should give consideration to the time which Ronzani has already served. This is consistent with the spirit of ch. 22, Laws of 1963, amending sec. 958.06.

*By the Court.*—Judgment upon conviction of attempted armed robbery and the sentence based thereon are vacated. Judgment upon conviction for third-degree murder is affirmed, but the sentence of the circuit court for Milwaukee county upon the conviction for third-degree murder is vacated. The superintendent of the Wisconsin state reformatory, Green Bay, is ordered to remand the custody of Robert Reno Ronzani to the sheriff of Milwaukee county pending his resentence by the circuit court for Milwaukee county upon his conviction for third-degree murder.