**Leroy PATELSKI, Petitioner,**

v.

**Elmer O. CADY, Warden, Respondent.**

**No. 70–C–121.**

United States District Court,
E. D. Wisconsin.

June 8, 1970.

Leroy Patelski, pro se.

Robert W. Warren, Atty. Gen., by William A. Platz, Asst. Atty. Gen., Madison Wis., for respondent.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The petitioner seeks a writ of habeas corpus for his release from the Wisconsin state prison at Waupun. He has also moved for the appointment of counsel.

The Wisconsin supreme court denied his petition for habeas corpus in an unreported opinion, No. 70–31. Permission to file in forma pauperis has been granted in the present action, and the state has filed a return to the petition.

Mr. Patelski is currently serving a term of imprisonment for 25 years. He was charged with first degree murder while committing a robbery. The case was submitted to a jury on four verdicts: guilty of murder in the first degree, in the second degree, in the third degree, or not guilty. No separate verdict was submitted with respect to the robbery.

The petitioner was convicted of murder in the third degree. The court sentenced him to a term of imprisonment for 25 years, indicating that 10 years were for the underlying felony and 15 years were for the resulting death.

The petitioner attacks the 10 year portion of the sentence as either excessive or based upon an assumed felony for which he had not been charged:

"The said ten (10) year sentence was added for no known criminal offense. Nor had petitioner been charged, informed against or found guilty of any felony upon which said sentence could be lawfully imposed."

■ In my opinion, the petitioner's claim is without merit. Section 939.66 (2), Wis.Stats., provides:

"939.66 Conviction of Included Crime Permitted. Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

"(2) A crime which is a less serious type of criminal homicide than the one charged."

■ Having been found guilty of a homicide which occurred during the commission of a felony, the petitioner was thereby also found guilty of the underlying felony. In State v. Carlson, 5 Wis.2d 595, 608, 93 N.W.2d 354 (1958), the Wisconsin supreme court observed:

"The information charging defendant with third-degree murder in effect charged the arson and alleged the causing of the death as an additional element affecting the maximum sentence; the verdict of guilty of third-degree murder in effect found the defendant guilty of arson and of the additional element of causing the death; upon such conviction the defendant was properly sentenced to imprisonment for not more than thirty years (fifteen, the maximum for the arson under sec. 943.02, plus fifteen, the additional number of years provided by sec. 940.-03). There was no occasion for a separate information charging arson and if the two proceedings had been tried separately, jeopardy in the first would have been a defense in the second."

Under these circumstances, § 940.03, Wis.Stats. provides for a heightened punishment:

"Whoever in the course of committing or attempting to commit a felony causes the death of another human being as a natural and probable consequence of the commission of or attempt to commit the felony, may be imprisoned not more than 15 years in excess of the maximum provided by law for the felony."

Section 943.32, Wis.Stats. provides for a maximum term of imprisonment of 10 years for robbery.

The petitioner was not separately charged with both the murder and the robbery, nor was he convicted or given consecutive sentences for each. Thus, Ronzani v. State, 24 Wis.2d 512, 129 N.W.2d 143 (1964), on which the petitioner relies, is not directly controlling. However, the court in that case said, at page 519, 129 N.W.2d at page 146:

" * * * a separate verdict regarding the underlying felony is to be submitted to the jury, because such underlying felony is an included crime within the meaning of sec. 939.66(1) Wis. Stats."

■ Whether the court's failure to submit a verdict for the robbery alone constituted reversible error, the Wisconsin supreme court concluded in its unpublished opinion No. 70–31 that the error was not of constitutional proportions. I agree with the state court's determination that the error is not a constitutional one.

■ Habeas corpus is not available to correct nonjurisdictional errors which do not render the trial constitutionally unfair. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). In Townsend, at pages 311–312, 83 S.Ct. at page 756 the United States Supreme Court observed:

"The whole history of the writ—its unique development—refutes a construction of the federal courts' habeas corpus powers that would assimilate their task to that of courts of appellate review. The function on habeas is different. It is to test by way of an original civil proceeding, independent of the normal channels of review of criminal judgments, the very gravest allegations. State prisoners are entitled to relief on federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution."

Kaufman v. United States, 394 U.S. 217, 223–224, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969), applied the same general rule as to federal prisoners. The court there pointed out that in the absence of a constitutional deprivation, habeas corpus was not designed to review irregularities in trial procedure or mere errors of law committed by the trial court.

Now, therefore, it is ordered that the petitioner's motion for the appointment of counsel be and hereby is denied.

It is further ordered that this petition for habeas corpus be and hereby is denied.