STATE of Wisconsin, Plaintiff-Respondent,

v.

Thomas L. ROGERS, Defendant-Appellant.†

Court of Appeals

*No. 87–2312–CR. Submitted on briefs November 18, 1988.—
Decided December 14, 1988.*

(Also reported in 435 N.W.2d 275.)

† Petition to review denied.

244

<br>

On behalf of the defendant-appellant the cause was submitted on the briefs of *David J. Cannon* of *Michael, Best & Friedrich* of Milwaukee.

On behalf of the plaintiff-respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Sally Wellman,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J. Thomas L. Rogers appeals a judgment convicting him of arson contrary to sec. 943.02(1)(a), Stats. Rogers argues that: (1) evidence gathered from the fire scene should have been suppressed; and (2) he is entitled to a new trial because a state's witness changed his testimony from what it was in an earlier trial. Because the first argument is not persuasive and the second is waived, we affirm.

Rogers and his wife defaulted on a land contract for a residence. On the date of the fire, January 3, 1984, Rogers and his family were at the residence to install a furnace prior to an impending sheriff's sale. They left the premises around 10:15 or 10:20 p.m.

William Lundy offered expert testimony that the fire started around 10:00 p.m. Lundy's opinion in a previous trial which resulted in a hung jury was that the fire started at 9:30 or 9:40 p.m. He testified that he changed his opinion days before the second trial when he realized he had not taken the presence of copper tubing into consideration.

On the day after the fire, January 4, 1984, Rogers gave written consent to search the premises to three members of the Fire Investigation Unit, identified as "Officer T. Struebing, Chief R. Heck, FF D. Christensen." There was testimony that Rogers gave oral consent shortly thereafter to allow a city building inspector to inspect the premises. Additional testimony

indicated that Rogers replied affirmatively when asked if the above people could enter the property at a later date.

On January 5, 1984, Thomas T. Struebing, accompanied by the Deputy State Fire Marshal (Kermit Krupka) and two representatives of American Family Insurance Company (William Lundy and George Timm), again conducted a search of the premises. Prior to the first trial, Rogers unsuccessfully moved to suppress evidence obtained by these individuals.

Rogers argues on appeal that all evidence obtained by Krupka and the insurance investigators should have been suppressed because the search was in violation of Rogers' fourth amendment rights. We will first address the propriety of the search by the insurance investigators.

The fourth amendment applies only to actions of government agents, not to private individuals or actions. *State v. Bembenek,* 111 Wis. 2d 617, 631, 331 N.W.2d 616, 624 (Ct. App. 1983). The key question is whether the private party was acting as a governmental instrument or agent. *United States v. Feffer,* 831 F.2d 734, 737 (7th Cir. 1987). The mere fact that government agents were present at the time of the search does not make it a governmental search. *See Bembenek,* 111 Wis. 2d at 632–33, 331 N.W.2d at 624–25.

For a search to be a private action not covered by the fourth amendment: (1) the police may not initiate, encourage or participate in the private entity's search; (2) the private entity must engage in the activity to further its own ends or purpose; and (3) the private entity must not conduct the search for the purpose of assisting governmental efforts. *See id.* at 632–34, 331

246

N.W.2d at 624–25. The defendant has the burden of proving by a preponderance of the evidence that the private party acted as an agent of the government. *Feffer,* 831 F.2d at 739. The determination that a search was a private search is a factual determination and will not be disturbed unless clearly erroneous. *Bembenek,* 111 Wis. 2d at 634, 331 N.W.2d at 625; *Noll v. Dimiceli's, Inc.,* 115 Wis. 2d 641, 643, 340 N.W.2d 575, 577 (Ct. App. 1983).

Here, the trial court made a specific finding of fact that "there is nothing in the record which bears out the conclusion urged by the defense that in fact the insurance agents were acting as governmental agents." We conclude that this finding is not clearly erroneous.

■

There was testimony that none of the governmental agents requested that the insurance investigators conduct a search or directed them in this regard. Section 165.55(14), Stats., requires that an insurer provide the fire marshal with information relating to a fire loss upon request of the marshal. However, there was no testimony that the exchange of information which took place was prearranged at the direction of the governmental agents. This evidence supports the trial court's finding that the insurance investigators' search was a private action as that term is defined in *Bembenek,* 111 Wis. 2d at 632–34, 331 N.W.2d at 624–25. It was therefore not error to deny Rogers' motion to suppress evidence obtained by the insurance investigators.

We now turn to the search conducted by Krupka. Krupka was not among those members of the fire investigation unit enumerated on the written consent

form.[1] The question is whether the search by Krupka was within the scope of Rogers' consent.

A search may be conducted without a warrant if consent is obtained. *See State v. Douglas,* 123 Wis. 2d 13, 22, 365 N.W.2d 580, 584 (1985). A consent search is constitutionally reasonable to the extent that the search remains within the scope of the actual consent. *Id.* In a factually similar case, the Fifth Circuit held that the execution of a search by someone other than those mentioned in the consent form was not related to the scope of the search. *United States v. White,* 617 F.2d 1131, 1134 (5th Cir. 1980).

We adopt this approach and consider it to be consistent with the fourth amendment's protection of legitimate expectations of privacy. *Cf. State v. Fillyaw,* 104 Wis. 2d 700, 710, 312 N.W.2d 795, 800 (1981), *cert. denied,* 455 U.S. 1026 (1982). Once Rogers gave permission to three members of the Fire Investigation Unit, Rogers cannot reasonably be said to have a legitimate expectation in preventing a different member (Krupka) from searching the same property for the same purposes. Rogers has not cited to us, nor have we found, any authority which holds to the contrary. Therefore, the trial court properly denied Rogers' motion to suppress the evidence obtained by Krupka.

Rogers next argues that a new trial should be granted because of Lundy's changed testimony regarding the time the fire started. Rogers urges us to consider the changed testimony as newly discovered evidence

[1]Rogers emphasizes Krupka's testimony that he would not have entered the premises if he had known he was not a named individual on the consent form. We need not give weight to a lay person's determination on a constitutional issue.

which would entitle him to a new trial. He also contends that the prosecution had a duty to disclose this change under *Brady v. Maryland,* 373 U.S. 83 (1963), and that its failure to do so entitles him to a new trial in the interest of justice.

Rogers did not raise any of these claims at trial, nor did he move for a continuance or a new trial. The record shows no indication of any displeasure in the form of an objection or otherwise regarding Lundy's testimony. Instead, counsel for Rogers chose to pursue the strategy of ardently cross-examining Lundy about his change of opinion.

Counsel cannot follow one strategy during trial and then, if the tactic proves unsuccessful, later raise objections upon appeal. *Jameson v. State,* 74 Wis. 2d 176, 185, 246 N.W.2d 541, 546 (1976). Further, a motion for a new trial is a prerequisite to our review of this issue, since unless the trial court had an opportunity to grant or deny the motion, we are unable to determine if the trial court abused its discretion. *Ferry v. State,* 266 Wis. 508, 510–11, 63 N.W.2d 741, 742 (1954). Therefore, we conclude that Rogers has waived the right to have this issue reviewed on appeal.

*By the Court.*—Judgment affirmed.