HERBERT A. NIEMAN & COMPANY, Respondent, vs. HOLTON & HUNKEL GREENHOUSE COMPANY, Appellant.

*January 8—February 15, 1946.*

326

For the appellant there was a brief by *Walter D. Corrigan, Sr.,* and *Thomas M. Corrigan,* both of Milwaukee, and oral argument by *Walter D. Corrigan, Sr.*

For the respondent there was a brief by *Schanen & Schanen* of Port Washington, attorneys, and *Arthur Wickham* of Milwaukee of counsel, and oral argument by *William F. Schanen.*

ROSENBERRY, C. J.    Upon this appeal the defendant makes two principal contentions: (1) That the evidence does not sustain the court's findings as to damages; (2) that under the undisputed facts, the damages could not exceed $66.25.

(1) While there is a wide discrepancy as to the damage done by the excavation and removal of the earth, as between

the witnesses for the plaintiff and those for the defendant, it cannot be said that the testimony which tends to support the conclusion reached by the trial court is incredible or that the witnesses are unworthy of belief. Therefore we cannot disturb the findings of the trial court.

(2) It is claimed on behalf of the defendant that under the evidence the value of the material removed does not exceed $66.25 and the damages should be limited to that amount. This contention cannot be sustained. The testimony of the plaintiff's witnesses tends to show that the principal damage was not the removal of the earth but the damage done to the standing timber. In a case of this kind the amount of damages cannot be limited merely to the value of the material removed and the trial court correctly so held. The trial court applied the correct rule of damages,—that is,—the damage was the difference between the value of the property before and after the taking. *Miller v. Neale* (1909), 137 Wis. 426, 119 N. W. 94; *Pedelty v. Wisconsin Zinc Co.* (1912) 148 Wis. 245, 134 N. W. 356.

In this connection, it is further contended by the defendant that the court was in error in permitting plaintiff's witnesses to testify as to the amount of damage. It is argued that the witnesses should have been asked, what was the value of the premises before taking and after taking? As an illustration, the witness, Dr. A. H. Carthaus, was asked these questions:

*Q.* What was the damage, if any, did this tract sustain as a result of these excavations, this soil, as you observed it as you viewed it the last time? *A.* I would say a thousand dollars. . *Q.* How do you analyze these damages? *A.* The most damage, what we wanted it for was the trees. I think that was the most damage, because the roots of the trees were exposed. By exposing the roots of the trees you kill the trees in a very few years.

If counsel was dissatisfied with the form of the question put to the witness he might have inquired on cross-examination

as to how the witness arrived at the conclusion to which he testified. He might have asked the witness as to the value of the land before and after taking.

The case is argued here as if the trial had been by jury. In reviewing the findings of a trial court, either in a civil or criminal case, where the case is tried without a jury, on appeal it will be presumed that improper evidence taken under objection was given no weight in reaching a final conclusion unless the contrary appears. On appeal the admission of improper evidence will be regarded harmless unless it clearly appears that the finding would probably be different if it had not been admitted. *Birmingham v. State* (1938), 228 Wis. 448, 279 N. W. 15.

In this case the trial court had the advantage of a view of the premises in the light of which he could and did consider the evidence offered upon the trial, applied the correct rule of law, and held that the damage recoverable in this action was not confined to the value of the material taken.

*By the Court.*—Judgment affirmed.