PETERSON and wife, Respondents, vs. WISCONSIN RIVER POWER COMPANY, Appellant.

*April 2—May 5, 1953.*

For the appellant there was a brief by *Brazeau & Brazeau,* attorneys, and *Richard S. Brazeau* of counsel, all of Wisconsin Rapids, and oral argument by *Theo. W. Brazeau.*

For the respondents there was a brief and oral argument by *C. E. Macomber* of New Lisbon.

MARTIN, J. It clearly appears from the pleadings that the only question presented in this action is whether the damages to plaintiffs' lands are of a temporary or a permanent nature. This issue is set forth by the complaint and the answer. Since the counterclaim asks the court to grant relief which it is not authorized to grant in this action, it must be set aside, and the reply is therefore of no effect. See cases cited at 14 Callaghan's Wis. Dig., Pleadings, p. 282, sec. 224.

"It is a familiar rule that a demurrer searches the whole record and will be carried back to the first substantial defect; judgment will be given against the party who committed the first fault in pleading, . . ." 41 Am. Jur., Pleading, p. 455, sec. 232.

"In conformity with the rule that a demurrer to one pleading searches the record and will be carried back to the first substantial defect in prior pleadings, it is the rule that a demurrer to a reply will, on proper motion, be carried back to the defendant's pleading and will question its legal sufficiency. And if the defendant committed the first fault in pleading, the plaintiff is entitled to judgment. A demurrer

to a reply also puts in issue the sufficiency of the plaintiff's complaint or petition." 41 Am. Jur., Pleading, p. 457, sec. 236.

If it is determined upon the trial that plaintiffs' injuries are of a temporary nature, they are entitled to the relief prayed for in their complaint.

"If the cause is temporary, there is a right to successive actions." 1 Am. Jur., Actions, p. 499, sec. 118. See Anno. L. R. A. 1916E, p. 1011 *et seq.*

If, on the contrary, it is determined that the damages are permanent, plaintiffs' exclusive remedy is under sec. 32.04, Stats., which provides, in part:

"If any owner of property desires to institute condemnation proceedings, he shall present his verified petition therefor to the county or circuit judge of the county where the land is situated."

As pointed out in *Benka v. Consolidated Water Power Co.* (1929), 198 Wis. 472, 474, 475, 224 N. W. 718:

"The allegations of the complaints and concerning which testimony was offered, clearly showed that the plaintiffs relied, in seeking to recover damages from the defendant, that they, as owners of real estate submerged or undermined by the ponding of the water in defendant's dam, were deprived, by reason thereof, of a substantial use of the lands or sustained a substantial interference with their rights of possession. Such claimed damages, if properly chargeable to the backwater in defendant's dam, was a *taking* of the property rights of plaintiffs in their respective real-estate holdings, within the meaning of that term in the statutes regulating condemnation proceedings. [Citing cases.] . . .

"There being such a statutory remedy furnished to plaintiffs in just such a position as here presented, namely, one where a defendant denies that there is any such *taking* and for that reason refuses to commence condemnation proceedings, then it is clearly the legislative purpose to permit the owner of the lands to institute proceedings to once and for

all recover the damages consequent upon such taking." See also *Price v. Marinette & M. P. Co.* (1928), 197 Wis. 25, 221 N. W. 381.

*By the Court.*—Order modified and.affirmed; the counterclaim and reply are set aside; cause remanded to determine whether the injuries are of a temporary nature and the resultant damages thereof.