ZOMBKOWSKI, Respondent, vs. WISCONSIN RIVER POWER COMPANY, Appellant.

*April 9—May 4, 1954.*

78

The cause was submitted for the appellant on the brief of *Brazeau & Brazeau* of Wisconsin Rapids, and for the respondent on the brief of *Walker & Taylor* of Portage.

BROADFOOT, J.   Upon this appeal several claims of error are advanced by the defendant. It is first contended that the plaintiff's sole remedy was by condemnation under the provisions of ch. 32, Stats. It relies in particular upon the case of *Peterson v. Wisconsin River Power Co.* 264 Wis. 84, 58 N. W. (2d) 287.  That case involved the same defendant and was an action to recover damages to the property of the

plaintiff in that case because of seepage of water from the defendant's dam in the Wisconsin river.

Two matters are called to our attention that were not mentioned in the *Peterson Case*. First our attention has been directed to sec. 330.17, Stats., which provides that where a power company has taken, entered upon, or appropriated for the purpose of its business any land or interest therein without first having acquired title thereto by purchase or condemnation, the owner of such land shall have the right to sue for damages in the circuit court for the county in which the land is situated. In Wis. Anno. (1950), 1465, following said section, appears the following note:

"This section is not mentioned in *Price v. Marinette & Menominee P. Co.* 197 Wis. 25, 221 N. W. 381, and *Benka v. Consolidated W. P. Co.* 198 Wis. 472, 224 N. W. 718, which hold that condemnation is the landowner's exclusive remedy."

In the 1951 statutes, following sec. 32.04 thereof, appears the following note:

"Cross reference. See 330.17 as to the right of landowner to sue for damages."

This section is applicable to the present situation and refutes the first contention of the defendant.

It has also been called to our attention that the public service commission entered a declaratory ruling on November 19, 1947, that the defendant is not a public utility and therefore not subject to the provisions of the Wisconsin statutes governing such utilities. 32 Public Service Comm. Rep. 451.

Had these matters been called to our attention in the *Peterson Case* and in the cases mentioned in the note in Wis. Anno. (1950), 1465, to sec. 330.17, Stats., the results in those cases would undoubtedly have been different.

The defendant's second contention is that the court erred in its instructions to the jury, to the prejudice of the defendant. The instruction complained of reads as follows:

"The difference in the fair market value of the land and buildings as a whole before and after the flowance, if any, constitutes the damages caused to the plaintiff."

The specific objection to this instruction is that it informed the jury of the result of its answers to the questions inquiring as to the value of the property before and after the taking. It is, of course, a fundamental rule in the trial of cases that the jury should not be informed of the effect of its answers to the questions of a special verdict, and in spite of the approval of similar instructions in *Van Wie v. Southern Wisconsin P. Co.* 148 Wis. 410, 134 N. W. 828, and *Muscoda Bridge Co. v. Grant County,* 200 Wis. 185, 227 N. W. 863, we cannot approve of the form of the instruction. It is preferable merely to instruct the jury to find the values before and after the taking. However, after verdict the defendant filed written motions in which it asked for a new trial for reasons there given. No mention was made in its motions, or in its amended motions thereafter, that one of the grounds was because of improper instructions to the jury. This matter cannot be raised for the first time upon appeal. *Graves v. State,* 12 Wis. *591, *595; *State v. Biller,* 262 Wis. 472, 55 N. W. (2d) 414; *Ferry v. State,* 266 Wis. 508, 63 N. W. (2d) 741. The cases of *Doyle v. Teasdale,* 263 Wis. 328, 57 N. W. (2d) 381, and *Perkins v. Peacock,* 263 Wis. 644, 58 N. W. (2d) 536, although they do not deal with alleged erroneous instructions, do state the general rule that matters not raised by the appellants in the trial court will not be considered when raised for the first time upon appeal.

The jury verdict was returned on April 30, 1953. The defendant filed written motions after verdict, dated May 8,

1953, and amended motions dated July 1, 1953. Thereafter, and on August 13, 1953, the defendant moved for permission to amend its answer by adding a paragraph as follows:

"Alleges that any damages which the plaintiff has sustained are due to the stoppage of percolating water and such damage is *damnum absque injuria.*"

The trial court denied the motion, and in doing so stated:

"As to the amendment of the pleadings, the court feels that this amendment cannot be allowed at this time. The case was tried upon the theory that the defendant admitted acts which caused the water to flow upon the land of the plaintiff. . . ."

The record shows that the defendant had ample notice of the damage being done to plaintiff's property; that it attempted to correct the damage and negotiated for a long period of time in an effort to settle her claim. It elected to admit liability and try the matter only as to damages. It cannot now claim that the trial court abused its discretion in denying the belated motion to amend the answer.

The defendant next contends that the plaintiff was not entitled to damages for merchandise stored in the basement because they were left therein for a long period of time after the basement was flooded. In assessing the damages to the personal property the jury was asked to determine the value thereof just before the first flooding of the basement on April 23, 1951, and again to determine the fair market value thereof after the flooding on April 23, 1951. Thus the jury did not consider any subsequent damage after the first flooding and there is testimony that the damage was occasioned on that date. There being credible evidence to sustain the jury's finding, the same cannot now be disturbed.

The defendant also contends that the damages awarded for injury to the land and buildings are excessive and unconscionable in view of the evidence. We have reviewed the

record as to damages carefully, and it is apparent that the jury believed the testimony of plaintiff's witnesses instead of that of defendant's witnesses. However, there is ample evidence in the record to sustain the finding of the jury. The question of damages was considered by the trial court upon motions after verdict. The trial court found that the damages were not excessive and that there is credible evidence in the record to sustain them. We agree with its determination.

Question 5 of the special verdict reads as follows:

"Can a sewage system be installed that will operate as efficiently as one properly installed prior to April 23, 1951? Answer: No."

The defendant contends that this answer is not supported by the evidence. This question was raised before the trial court by defendant's motions after verdict. This is another situation where there was a dispute between the plaintiff's witnesses and the defendant's witnesses. The credibility of those witnesses was passed upon by the jury. It elected to believe plaintiff's witnesses. Their testimony, if believed, supports the answer. The trial court refused to change it. From what has been said, it is clear that we cannot.

Finally, the defendant contends that it should have a new trial because of the alleged errors and in furtherance of justice. This matter was also ruled upon by the trial court, which denied the motion for a new trial. There was no abuse of discretion in ruling as it did, and the determination of the trial court must be affirmed.

*By the Court.*—Judgment affirmed.