**William H. LOEHDE and Jessie Carolyn Loehde, Plaintiffs-Appellants,**

**v.**

**WISCONSIN RIVER POWER COMPANY, a Wisconsin corporation, and Walter Buchanan, Defendants-Appellees.**

**No. 13650.**

United States Court of Appeals
Seventh Circuit.

June 12, 1962.

Rehearing Denied July 27, 1962.

Richard P. Tinkham, of Smith, Puchner, Tinkham & Smith, Wausau, Wis., Willard C. Meier, of Nicholson, Nisen & Elliott, Chicago, Ill., for appellants.

Richard S. Brazeau, Theo. W. Brazeau, of Brazeau, Brazeau, Potter & Cole, John

M. Potter, Wisconsin Rapids, Wis., for appellees.

Before HASTINGS, Chief Judge, and DUFFY and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

This diversity action originated in a suit brought in the District Court by plaintiffs-appellants, William H. Loehde and Jessie Carolyn Loehde, against the defendants-appellees, Wisconsin River Power Company (hereinafter referred to as defendant) and Walter Buchanan, its lessee, to recover possession of a forty acre tract of land and to recover damages for materials excavated therefrom and for inundation thereof.

The tract in question is near Necedah, Adams County, Wisconsin, adjacent to, and about 500 feet below, the Petenwell dam erected by defendant in 1948. William H. Loehde is the owner of the tract.[1] He acquired it some years before the erection of the dam. Approximately 320,000 cubic yards of soil were excavated from the tract and used in construction work incident to the erection of the dam. Prior to the excavation about thirty acres of the tract were above water. As the result of the excavation and the completion of defendant's project all but about three acres are under water.

A judgment that defendant is and was from April 10, 1948 the owner in fee simple of the tract, free and clear of all claim, right or demand of plaintiffs, and that William H. Loehde is entitled to have and recover of defendant $760.00, with costs, was reversed by this Court in Loehde v. Wisconsin River Power Company, 7 Cir., 277 F.2d 656. We held that the record failed to establish a contract for the conveyance of the tract to the defendant. We pointed out (p. 660) that although the correspondence relied upon by the defendant as constituting a contract upon the part of the plaintiffs to convey the tract in exchange for forty acres of defendant's property to be selected by plaintiffs indicated a willingness to deal no consideration was ever agreed upon. We remanded for a new trial and directed that such amendments be permitted as would serve to properly reform the issues and that plaintiffs be permitted to introduce evidence as to the value of the sand excavated from the tract.

Plaintiffs amended the complaint to increase the *ad damnum* to $160,000.00, to aver ownership of the tract in William H. Loehde, and by adding a count seeking injunctive relief permanently restraining the defendant from continuing to cause water to percolate through, or flow on or across the tract.

The retrial of the cause culminated in a judgment awarding plaintiffs $260.00 in damages, adjudicating plaintiffs to be the owners of the tract, directing the defendant to return possession thereof to plaintiffs, and enjoining the defendant from permitting percolating waters from the dam to flow across the tract to such an extent that it causes further erosion to said land.

Plaintiffs' appeal excludes from its scope those portions of the judgment order adjudicating ownership of the tract and directing return of its possession to plaintiffs. And, the appeal precipitates the issues (1) whether the court erred in applying as the measure of damages the difference in the value of the property before and after the excavation and resulting inundation, and (2) whether the court erred in restricting the injunctive relief to a restraint against causing a further erosion of the land by percolating waters.

The plaintiffs contend that defendant's entry upon the land and excavation of soil therefrom was a willful trespass and that plaintiffs are entitled to recover as damages not only the value of the soil in place but its enhanced value as conveyed to the dam site and incorporated in the

---

1. Jessie Carolyn Loehde is but a nominal party. As wife of William H. Loehde she possesses an inchoate right of dower in the tract. The record in the earlier appeal indicated she was co-owner but the ownership has been clarified by subsequent amendment.

dam, and that in addition to such damages plaintiffs are entitled, as owners of the premises, to an injunction restraining the defendant from continuing to cause water to percolate through and flow over the tract and to require defendant to remove all of the water it has caused to be on the tract.

The District Court's judgment order is premised upon findings and conclusions, among others, that the Loehde tract was, prior to construction of the dam, unsuitable for farming, timber growing, grazing or other economic purposes; that the tract was scrub land, low, semi-swampy and subject to frequent flooding by the Wisconsin river; that the removal of the 320,000 cubic yards of material caused all but approximately 3 acres of the tract to be inundated to a depth of 8 to 10 feet; that the excavation was done by the defendant in good faith as a licensee with the consent of William H. Loehde; that the value of the tract prior to construction of the dam was $760.00 and its value subsequent to construction is $500.00; that there was sufficient other soil in the general locale, at no greater hauling distance, defendant could have utilized in constructing the dam in lieu of plaintiffs' tract; that no competent evidence was introduced establishing the value of the soil removed from plaintiffs' tract; that seepage and percolation from the dam threaten to further erode the Loehde tract; and that the Buchanan lease is void.

The correspondence which, together with the coexisting facts, we found on the first appeal to evidence a "willingness to deal" but not a contract to convey is set forth verbatim in Loehde v. Wisconsin River Power Company, 7 Cir., 277 F.2d 656 at pages 658 to 660. We deem it unnecessary that we set it out again. Our review of the present record, which contains the same exhibits, convinces us that the District Court did not err in its findings and conclusions that the use made by the defendant of the Loehde tract in the construction of the dam was with the consent of William H. Loehde. Loehde's letter of March 13, 1948 evidences his awareness that "the company [defendant] has a definite purpose for the Loehde forty acres" in the construction of the dam and that it was his purpose "to cooperate through you [Fuller, an intimate friend of Loehde's, who as an officer of defendant was acting for it in the acquisition of land in connection with the construction of the dam] to the end that you acquire the same for the company at fair value". That Loehde was aware that the contemplated use of the tract would cause its inundation is reasonably inferable from his inquiry in the letter "if fishing rights and any use not interfering with the company's operation in the dam deal could be reserved by me" and by his subsequent forwarding on April 12, 1948 of an instrument he described as a "seepage deed" for deposit in escrow. In the March 13, 1948 letter Loehde advised:

"Should an emergency arise relative to use, the company is at liberty to act on necessary construction work and we will agree on settlement later."

We are of the opinion that the District Court's findings and conclusions that the excavation and resulting inundation was done by the defendant in good faith as a licensee with consent of Loehde find substantial support in the record and consequently we are precluded from disturbing them on review. Rule 52(a), Federal Rules of Civil Procedure (28 U.S.C.A.).

Plaintiffs introduced no evidence as to the value of the tract before and its value after the excavation and resulting partial inundation. The court's findings in this respect are supported by the testimony of defendant's witnesses. And, that the excavation and resulting inundation would not produce detriment only is inferable from Loehde's prognostication, expressed in 1948, of his desire to capitalize on the "advantages" to result from the anticipated use of the tract in connection with the construction of the dam.

■ A highway and earth moving contractor who had done road construction in the general area, testifying as an expert witness for the plaintiffs, stated that in his opinion the value of the material *in situ* before its removal from the Loehde tract was 15 cents per cubic yard.[2] His opinion was based on the assumption that there was no other suitable material available, of comparable location and length of haul, for use in constructing the earth dam. He was the only witness who testified as to an *in situ* value of the material excavated. The court's finding and conclusion that there was no competent evidence to establish the value of the soil removed from the tract is premised on the court's resolution of conflicting testimony as to the availability of other suitable borrow at a comparable expense of haul. From our examination of the record we cannot say the court's finding is clearly erroneous and it is not our function as a court of review to weigh the evidence. Whitson v. Aurora Iron & Metal Co., 7 Cir., 297 F.2d 106, 109.

In Herbert A. Nieman & Co. v. Holton & Hunkel Greenhouse Co., 248 Wis. 324, 21 N.W.2d 637, it was held that damages could not be limited to the value of soil removed from land where the damage to the land itself exceeded the value of the soil removed. But no case has been called to our attention, nor are we aware of any, where the removal was with the owner's consent or permission, which holds that the recovery therefor may exceed the value of the entire property. But if it be assumed (and we make no express holding) that the plaintiffs are not limited in their recovery of value of the material removed to the value of the tract itself, nevertheless, the trial court's finding that the value of the material

removed was not established is, on the record before us, binding on review.

■ In Zombrowski v. Wisconsin River Power Company, 267 Wis. 77, 64 N.W. 2d 236 the difference between the value of the land before and the value afterwards was held to be a proper measure of damages for the partial inundation of property by percolating waters, seepage from a reservoir created by a dam. In Blumer v. Wisconsin River Power Company, 6 Wis.2d 138, 94 N.W.2d 149, the same criteria was approved to measure damages due to the raising of the water table through operation of a dam. We are of the opinion that on the record in the instant case it was not error for the trial court to apply that criteria as the measure of plaintiffs' recovery.

■ And, equitable principles do not, on the facts and circumstances here involved, entitle plaintiffs to greater or broader injunctive relief than that awarded. The use of the tract was found to have been consented to and the resulting inundation was a natural result of the excavation and the construction of the earthen dam, which if not actually foreseen, is in any event the subject of compensation in the monetary award of damages. Plaintiffs are entitled only to protection from acts of the defendant which would cast a further or greater burden on the tract involved—not to restoration of the tract to its condition prior to its use for borrow for construction of the dam.

Under the peculiar circumstances reflected by the record before us it is our considered judgment that the District Court in its disposition of the case has accomplished "substantial justice.

The judgment order of the District Court is therefore affirmed.

Affirmed.

---

2. Other evidence established that 30 cents per cubic yard was paid to the construction contractor for excavating the material, conveying it to the dam site, and incorporating it in the structure.