BESNAH, Respondent, v. CITY OF FOND DU LAC, Appellant.

*June 8—June 30, 1967.*

For the appellant there was a brief and oral argument by *John C. Murphy,* city attorney.

For the respondent there was a brief by *George M. St. Peter* and *St. Peter & Hauer,* all of Fond du Lac, and oral argument by *George M. St. Peter.*

BEILFUSS, J. The sole issue on this appeal is:

Is there any credible evidence to sustain the findings of the jury?

In condemnation cases just compensation for the taking is what the owner has lost, not what the condemnor has gained. *Volbrecht v. State Highway Comm.* (1966), 31 Wis. (2d) 640, 647, 143 N. W. (2d) 429. The measure of the owner's loss in case of a partial taking, such as this case, is provided by sec. 32.09 (6), Stats., in part:

"In the case of a partial taking, the compensation to be paid by the condemnor shall be determined by deducting from the fair market value of the whole property immediately before the date of evaluation, the fair market value of the remainder immediately after the date of evaluation, assuming the completion of the public improvement and giving effect, without allowance of offset for general benefits, and without restriction because of enumeration but without duplication, to the following items of loss or damage to the property where shown to exist."

In short, "the measure of damages in a condemnation proceeding where there is a severance is the difference between the fair market value of the whole property immediately before the taking and the fair market value of the remainder immediately thereafter." *Ken-Crete Products Co. v. State Highway Comm.* (1964), 24 Wis. (2d) 355, 359, 129 N. W. (2d) 130.

The proper form of submission of the issue of damages to the jury is in the form of a two-question special ver-

dict, one question asking for a finding as to the before-taking value of the owner's whole parcel and the other asking for a finding as to the after-taking fair market value of the remainder. Wis J I—Civil, Part II, 8100; *Muscoda Bridge Co. v. Grant County* (1929), 200 Wis. 185, 189, 227 N. W. 863. And even in condemnation cases, a jury should not be informed of the effect of its answers to the questions of a special verdict. *Zombkowski v. Wisconsin River Power Co.* (1954), 267 Wis. 77, 81, 64 N. W. (2d) 236. Moreover, the finding of a jury as to valuation in a condemnation case, approved by the trial court, will not be disturbed on review where it is clear that the value arrived at is well within the range of values placed in evidence, and where there is credible evidence to sustain the jury's finding. *Weeden v. Beloit* (1966), 29 Wis. (2d) 662, 669, 139 N. W. (2d) 616.

With these fundamental principles in mind, we examine the evidence in the instant case to see if it supports the findings of the jury.

The jury found the before-taking value to be $67,500 and the after-taking value to be $52,500. Although the findings resulted in damages which in the opinion of the trial court may have been high, the verdict was approved by the trial court when it decided the motions after verdict. The findings are well within the range of values in evidence at trial. Mr. Wade, the plaintiff's expert, gave $135,000 as his opinion of the before-taking value. The opinions of the city's appraisers, Mr. Bergen and Mr. Wurtz, as to before-taking value were $31,500 and $32,549, respectively. The jury found $67,500. Mr. Wade's opinion as to the after-taking value was $121,500; the city's appraisers' opinions were $28,750 and $27,899. The jury found $52,500. Thus both the jury findings were well within the range of values in evidence. The question in this case is whether the findings are supported by credible evidence. In *Weeden, supra,* the court articulated the standard of review at page 666:

"In reviewing a jury verdict this court need only consider that evidence which supports the verdict. It is also clearly a rule of this court that a verdict should not be disturbed 'if there is any credible evidence which under any reasonable view fairly admits of an inference that supports the jury's findings.' This approach is especially applicable when, as in the instant case, the trial court approved of the verdict. That this approach is equally applicable in condemnation cases is evident . . . ."

The city's principal complaint is that the jury awarded damages higher than the difference between the before-taking value and the after-taking value opinions of any of the expert witnesses. The difference between the before and after-taking values of the city's appraisers were $4,650 and $3,650 respectively, and the difference testified to by plaintiff's appraiser was $13,500.

This argument overlooked additional testimony given by the plaintiff's appraiser. On direct examination he testified, in part, as follows:

"*Q.* State whether or not you have an opinion as to the value of that property, his whole property in the City of Fond du Lac as shown on the exhibits here, and as shown in the evidence, I guess, and the descriptions; the value of the entire property before the taking; do you have an opinion? *A.* Yes, sir.

"*Q.* And do you have an opinion of the value as of November of 1965 of the remaining property after the taking? *A.* Yes, sir.

"*Q.* And do you have an opinion as to the severance damages? *A.* Yes, sir.

"*Q.* Would you state what, in your opinion, is the value of the property taken as of November of 1965 by the City's condemnation? *A.* $13,500.00.

"*Q.* And what is your opinion as to the severance damages to this property? *A.* $13,500.00.

"*Q.* And what is your opinion as to the total damages? *A.* $27,000.00.

"*Q.* What is your opinion as to the value of the entire property before the taking? *A.* $135,000.00.

"*Q.* What is your opinion as to the value of the remaining property after the taking? *A.* $121,500.00."

On cross-examination the witness again asserted that the damage to the plaintiff for the taking of the land was $13,500 and for severance $13,500, for a total of $27,000. The witness may have been confused in not combining the value of the land taken and severance damage in his opinions as to the value before and after the taking. However, the interpretation of this testimony, the weight of the testimony, and the credibility of the witness were within the province of the jury.

The plaintiff's parcel is located in downtown Fond du Lac, adjacent to the Safety Building, within a block of the county court house, and within one and one-half blocks of the present National Exchange Building, the city's largest office building. It is about one and one-half blocks from the post office and across the street from the new National Exchange Bank, which is in the process of being constructed. It is across the Fond du Lac river from the newly constructed Y. M. C. A. The parcel's main disadvantage is that it is almost landlocked, having only about 42 feet of direct street frontage at the edge of a narrow strip on the southeast corner of the parcel.

Mr. Wade, the plaintiff's appraiser, used two current sales of downtown real estate as the basis of his opinion. In his opinion the sales were comparable sales. One sale was that to the National Exchange Bank on December 28, 1965. The property involved, located just across the street from the Besnah property, was sold at a price which amounted to $5.60 per square foot. The other comparable sale in the opinion of Wade was the corner of Linden avenue and Western avenue which was sold on July 7, 1966, to the city of Fond du Lac for an amount equivalent to $3.16 per square foot. The jury's finding of $67,500 for the entire parcel of about 45,000 square feet figures to $1.50 per square foot; its finding of $52,500 for the remainder, about 40,500 square feet, figures to $1.29 per square foot. Thus on the basis of

the comparable sales evidence alone there is credible evidence in the record to sustain the jury's findings.

The city asserts that the comparable sales were in fact not comparable because these parcels of land fronted on streets with ready access; that they had buildings on them and that the use of these properties was not the same. It was, however, contemplated at the time of the sale that the buildings would be removed or demolished. First, it must be noted that the testimony as to comparable sales was not objected to at the trial and an objection to it at this time comes too late. Second, the plaintiff and his appraiser both testified that the plaintiff's property was zoned for general business and that the highest and best use of the property was for an office building. Admittedly, if the land was to be used for an office building it had a higher value than it would for parking. This court said in *Bear v. Kenosha* (1963), 22 Wis. (2d) 92, 100, 125 N. W. (2d) 375, and in *Weeden v. Beloit, supra,* at page 668:

" 'The expert witness testifying as to value of property which he has examined should base his opinion on comparable sales as an element of value if such sales exist. The sales used as a foundation or partial foundation of an expert's opinion of value are admissible and if not comparable, go to the weight of the expert's opinion, not their admissibility. The rule of comparable sales is applicable to direct evidence of sales for consideration of the jury in determining the value. The materiality of the elements of the foundation for an expert's opinion goes to its weight.' "

A review of this record convinces us that there is sufficient credible evidence to sustain the findings of the jury.

The city also contends that the court should use its discretionary power to grant a new trial in the interest of justice. In support of this contention the city points to some confused testimony at the trial and the great

gulf between the opinions as to value offered by the plaintiff and those offered by the city. Neither of these asserted reasons is an unusual feature in condemnation cases. The power of the court to reverse in the interest of justice, under sec. 251.09, Stats., is exercised with reluctance and great caution, and only in the event of a probable miscarriage of justice. *Commodore v. State* (1967), 33 Wis. (2d) 373, 383, 147 N. W. (2d) 283; *Lock v. State* (1966), 31 Wis. (2d) 110, 118, 119, 142 N. W. (2d) 183. No such probable miscarriage of justice is clearly evident from the record in this case.

*By the Court.*—Judgment affirmed.