GENGE and another, Appellants, v. CITY OF BARABOO, and
others, Respondents.

*No. 757 (1974). Argued April 8, 1976.—Decided May 4, 1976.*
(Also reported in 241 N. W. 2d 183.)

For the appellants there were briefs by *John G. Barsness* and *Barsness Law Offices* of Madison, and oral argument by *John G. Barsness*.

For the respondents there was a brief by *Greenhalgh, Jenks & Dithmar* of Baraboo, and oral argument by *Robert Greenhalgh*.

CONNOR T. HANSEN, J.   The property was taken for the purpose of providing a clear zone at the end of an airport runway. The 4,800-foot runway was completed on October 2, 1968, and planes were flying from it within approximately a week from that date. The plaintiffs-appellants, Angeline Genge and Clifford K. Genge (hereinafter plaintiffs), owned property at the end of the runway which fell within the clear zone mandated by federal criteria.

Originally, in 1968, state authorities, and the respondents (hereinafter condemnors), being short of funds, believed it would not be necessary at that time to acquire more than a small amount of land from the plaintiffs. Therefore, a parcel of 1.88 acres was purchased from them. However, it became apparent that in order to comply with federal clear zone requirements an additional amount of plaintiffs' land would have to be acquired. Thus, on October 23, 1970, a parcel consisting of 11.73 acres was taken by condemnation.

Several persons testified as to the value of plaintiffs' whole parcel of property prior to the taking and the

value of the remaining parcel after the taking. Witnesses for the condemnors, Ruskell and Hinz, placed the before-taking value at $24,000 and $22,000, and the after-taking value at $19,400 and $19,500, respectively.

Volz, called adversely by plaintiffs, testified to a before-taking value of $20,000 and an after-taking value of $15,500. Plaintiffs' expert, Halle, based his original values on the assumption that the airstrip was not functional at the time of taking, in October, 1970, and on this assumption, placed a before-taking value on the property of $53,650, and an after-taking value of $39,550. Halle further testified that, assuming the runway was functional at the time of taking, the before-taking value was at least $39,550, with an estimated loss to plaintiffs after the taking of $1,100 or $1,200.

Plaintiff, Clifford K. Genge, testified that at the time of taking he believed the property to be worth $1,100 per acre, due to its homesite potential. However, he testified upon cross-examination that immediately before the taking the property was not suitable for residential purposes because of the existence and proximity of the runway. He also indicated that he never intended to erect a structure such as a windmill or a telephone pole in order to interfere with the use of the runway.

Following a view of the premises and the trial, the jury determined that plaintiffs' property was worth $28,500 prior to the taking and $20,505 after the taking. These findings resulted in a damage award of $7,995. After verdict, the condemnors moved that the verdict be set aside and a new trial granted. The trial court reviewed the evidence, determined that the verdict was not supported by credible evidence and, therefore, was excessive. The motion for a new trial was granted with the plaintiffs given the option of having judgment entered on the verdict in the amount of $4,600, which the trial court found to be a fair and reasonable amount based upon the evi-

dence. The plaintiffs were to notify the trial court within twenty days of their election. The plaintiffs appeal from this order.

The issue to be decided on this appeal is: Was it an abuse of discretion or error of law for the trial court to grant a new trial?

It is well settled that an order for a new trial rests in the discretion of the trial court. It will not be set aside or reversed unless the trial court has proceeded upon an erroneous view of the law or abused its discretion. *Lambrecht v. State Highway Comm.* (1967), 34 Wis. 2d 218, 225, 148 N. W. 2d 732. We are of the opinion the trial court did not abuse its discretion or commit error.

In its decision the trial court pointed out that the airport had been functioning for two years prior to the taking, and that the opinion of Halle, plaintiffs' expert, based upon values for a nonfunctional airstrip, therefore, could not be properly considered. This presented a situation which meant that the highest before-and-after difference in value testified to by any expert was that of witness Ruskell. Based upon the testimony of Ruskell, the result was a loss to the plaintiffs of $4,600, which is the amount the trial court found to be fair and reasonable. The trial court emphasized that the credible evidence was given by experts and concluded that since the jury award exceeded the difference in value placed in evidence by any expert witness, the award was excessive.

The plaintiffs contend that the jury could take the before-value of one witness and the after-value of another witness and place their own figures in the verdict somewhere in between these values. Hence, the verdict would be supported by credible evidence. No authority is cited for such a proposition. The trial court pointed out that if such reasoning were used to support a finding of a loss to the property owner greater than that testified to by an expert witness, it would lead to an incredible result.

Witness Halle testified that the before-taking value was $39,550, and that the taking resulted in a loss of $1,100 or $1,200 to the plaintiffs. Witness Volz testified the after-taking value was $15,500. Using the reasoning advanced by the plaintiffs, this would support a verdict of $24,000, even though three experts testified that the before-taking value of the plaintiffs' entire property was $24,000, $22,000 and $20,000, respectively.

The answers of the jury to the two special verdict questions on before- and after-taking values resulted in an award higher than that established by the testimony of any expert witness. This case does not present a situation similar to that in *Hurkman v. State* (1964), 24 Wis. 2d 634, 130 N. W. 2d 244. The issue in *Hurkman* related to the appropriate consideration of comparable sale values. Comparable sale values are not involved in the instant case. Similarly, the case before us is distinguishable from *Utech v. Milwaukee* (1960), 9 Wis. 2d 352, 101 N. W. 2d 57. In *Utech* the issues related to the appraisal methods used by the various appraisers. These cases did not present the issue of whether the damage award must fall within the range of *differences* established by expert testimony.

The plaintiffs also direct our attention to *Besnah v. Fond du Lac* (1967), 35 Wis. 2d 755, 151 N. W. 2d 725. There, the highest difference in value was estimated to be $13,500. The jury awarded $15,000. This court affirmed the award, indicating that the before- and after-values found by the jury were well within the range of values in evidence, page 759. However, the opinion places great emphasis on the additional fact that the plaintiffs' expert apparently became confused when testifying and failed to total the damage and severance estimates. Had he done so, the total would have been $27,000, a before- and after-difference well in excess of the jury's $15,000 award.

*Besnah* stands only for the proposition that a jury's award upon condemnation may stand if supported by credible evidence. It was there determined that the award fell within the range of *differences* supported by credible evidence. This court did not address the question presented by the instant appeal. In *Besnah,* however, a fundamental concept inherent in condemnation proceedings is pointed out, page 758:

"In condemnation cases just compensation for the taking is what the owner has lost, . . ."

This loss is established by testimony placing in evidence the value of plaintiffs' property immediately before the taking and the value of the remaining property immediately after the taking, sec. 32.09 (6), Stats. The difference between these values reflects the loss plaintiffs have suffered. As noted, in the instant case, if the award were not limited to the range of differences in evidence, but only to the range of before- and after-taking values, the jury could have awarded damages approximating $24,000. No one is contending that there is credible evidence to support a loss in the amount of $24,000. If a particular condemnee is to receive just compensation for the value of what he has lost, the highest credible estimate of that loss is that evidenced by the difference of before- and after-taking values. *See:* 30 C. J. S. pp. 151–154, sec. 310. The order of the trial court is not based upon an error of law.

The plaintiffs also contend the testimony of one of the owners, Clifford K. Genge, is credible evidence and, therefore, would support the verdict. We do not agree. An owner's opinion as to the value of his real estate can be accepted. *Lambrecht v. State Highway Comm., supra.* However, in order to support a verdict some basis must be shown for his opinion. 5 Nichols, *Law of Eminent Domain* (3d ed.), pp. 18.106–18.118, sec. 18.4 [2].

In this case there was none. Genge testified that his land had a value of approximately $1,100 per acre potential for building homes but that because of the existence of the airport prior to the taking it was not suitable for residential purposes. He gave no opinion as to the value of the land in view of the condition at the time of the taking.

We are not persuaded by the plaintiffs' argument that they could have interfered with or prevented the use of the airport by the construction of a structure on their premises. There was no dispute that the airstrip was functioning at the time of taking and, indeed, had been in use for approximately two years prior to the taking. Furthermore, the plaintiff testified that he had no intention of erecting a structure for the purpose of interfering with its use. This situation is analogous to the facts of *Branch v. Oconto County* (1961), 13 Wis. 2d 595, 602, 109 N. W. 2d 105. There a property owner, through condemnation of a portion of his property, lost the right to exclude the public from navigable waters, thus losing the benefit of a virtual private use of the waters. This court determined that the property owner was not entitled to compensation for that loss because the loss was not a compensable property right. Similarly, in the instant case, the plaintiffs lose the means by which they might be able to interfere with the use of the completed, functional airstrip. They should not be compensated for that loss. The trial court did not abuse its discretion in granting the motion of the condemnors.

*By the Court.*—Order affirmed.