ENERGY TRANSPORTATION SYS-
TEMS, INC., a Delaware corpora-
tion, Appellant (Plaintiff),

v.

Robert B. MACKEY and Dorothy Y.
Mackey, Appellees (Defendants),

Wyoming Production Credit Association,
Western Minerals Corporation, an Indi-
ana corporation, Farmers Home Admin-
istration of the United States Depart-
ment of Agriculture, (Defendants).

No. 83–68.

Supreme Court of Wyoming.

Jan. 11, 1984.

Kim D. Cannon of Burgess & Davis, Sheridan, for appellant.

James R. McCarty, Casper, for appellees.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

ROONEY, Chief Justice.

This matter is on appeal for the second time. After it was returned to the district court on the first appeal (see *Energy Transportation Systems, Inc. v. Mackey*, Wyo., 650 P.2d 1152 (1982)), a judgment was entered on a jury verdict awarding the landowners-appellees $26,880.00 plus $50.00 costs as just compensation for the taking by appellant of an easement for a pipeline over a strip of appellees' land. The easement is 100 feet wide and 4,398 feet long. Appellant words the issues now presented as follows:

"I. Is the Judgment awarding condemnation damages unsupported by competent evidence and excessive where the 'after value' determined by the jury is substantially less than the 'after value' testified to by any witness?

"II. Did the Court commit reversible error in failing to instruct the jury that it is not to consider damages that may result because some persons may trespass [sic] upon or gain access to any of the condemnees' lands outside of the easement?"

We reverse and remand the case for a new trial inasmuch as the value of the land after the taking as found by the jury was not within the range of such after value contained in the evidence.

The parties are not in disagreement that the evidence of fair market value of the ranch unit consisted of opinion testimony of four witnesses and was as follows:

|  | Value Before Taking | Value After Taking | Difference |
|---|---|---|---|
| Appellant's witness Reed | $573,200.00 | $572,382.00 | $ 818.00 |
| Appellant's witness Watson | 580,000.00 | 579,000.00 | 1,000.00 |
| Appellees' witness Williams | 860,000.00 | 815,000.00 | 45,000.00 |
| Appellees' witness Phillips | 644,000.00 | 575,680.00 | 68,320.00 |

The form of jury verdict required a finding of fair market value: (1) before the taking, (2) after the taking, and (3) the difference between the other two findings. The jury found the before value to be $574,800.00. It was obviously within the range of testimony pertaining thereto, i.e. between $573,200.00 and $860,000.00. The jury found the after value to be $547,920.00. Just as obvious, it was not within the range of testimony pertaining thereto, i.e. not between $572,382.00 and $815,000.00. Appellant contends that this finding is reversible error.

Appellees contend that the fact that the jury's finding of after taking value was not within the range of testimony relative to it is not pertinent inasmuch as *the difference* between the before and after amounts found by the jury is within the range of the differences resulting from the before and after amounts testified to by the witnesses, i.e. the amount of $26,880.00 (jury before value of $574,800.00 less jury after value of $547,920.00) is within the mathematically computed differences between the before and after testimony of the four witnesses ($818.00 to $68,320.00). See chart supra.

Under the law and reasoning hereinafter noted, appellant's contention is correct and appellees' contention is not.

All concerned recognize the law set forth when this case was first before us with reference to the "before and after" rule:

"* * * [W]here there is a partial taking of property, as here, which will result in damages to the remainder not taken, the amount of just compensation to be awarded for that taken or affected is determined by application of the before and after rule, i.e., the difference be-

tween the fair market value of the entire parcel before the taking and that after the taking. [Citations.] * * * In the case of taking an easement, then, the measure of just compensation is the difference in value of the whole tract prior to imposition of the easement and the value of the tract after imposition of the easement. [Citation.]" *Energy Transportation Systems, Inc. v. Mackey,* supra, 650 P.2d at 1154.

And both parties accept the requirement that the award must be within the range of the testimony.

"* * * It is hornbook law that a jury's verdict in a condemnation case must be within the lower and upper range of the evidence." *Coronado Oil Company v. Grieves,* Wyo., 642 P.2d 423, 442 (1982). See *United States ex rel. Tennessee Valley Authority v. Two Tracts of Land, Etc.,* 532 F.2d 1083 (6th Cir.1976), cert. denied 429 U.S. 827, 97 S.Ct. 84, 50 L.Ed.2d 90 (1976).

" * * * In the face of conflicting testimony, if the verdict of the jury or award of commissioners is within the range of the testimony, the appellate court will generally sustain the finding of the lower tribunal. If outside the range of the testimony, such awards have generally been set aside. * * *" 5 Nichols on Eminent Domain (3rd ed.), § 17.1[4], p. 17–20.

A majority of the jurisdictions apply the "before and after" rule. The alternative to it is a rule which fixes the compensation on the value of the land taken plus damages to the remainder lands.

" * * * It is quite apparent, of course, that some of the practical difficulties and complexities involved in application of the first rule [value of the land taken plus damages to the remainder land] are obviated by use of the latter method of valuation [before and after rule]. The relationship of the part taken to the whole tract need not be considered under the latter method, nor need consideration be given to the relationship of the remainder area to the original tract. Duplicate consideration of the same elements of damage is thereby avoided. Although theoretically both methods should lead to the same result, as a matter of practical application this is not always the case. Despite such fact, however, the simplicity of application of the before and after rule commends itself to the courts as the method most likely to attain a result that is fair both to the condemnor and the condemnee." 4A Nichols on Eminent Domain (3rd ed.), § 14.07[1], p. 14–183.

■ The verdict form need not reflect a "before and after" valuation as must the testimony, but when the form of verdict requires a determination of "before and after" values, as here, such values must be consistent with the compensation awarded, and the entire verdict must reflect a proper "before and after" valuation reasoning by the jury. In other words, if the form of verdict is equivalent to a special verdict or a general verdict accompanied by interrogatories, the answers to the special questions or interrogatories must be supportable by the evidence. Rule 49, W.R.C.P.

■ Of importance are the required determinations to be made by the jury under the "before and after" standard. It must find two things: The value of the entire parcel before the taking, and that after the taking. These findings must result from the evidence. The amount of compensation to be awarded is a simple arithmetic computation from these two things but the compensation itself is not that upon which evidence is directly submitted. The "before and after" rule expressly confutes reasoning whereby the compensation is other than by first ascertaining the before value and then ascertaining the after value to both of which a mathematical computation is applied in arriving at just compensation.

"* * * [T]he rule should be that the fixing by the jury of an 'after' value that is not within the range of the evidence will be considered reversible error * * *." *Commonwealth, Department of Highways v. Stephens Estate,* Ky., 502 S.W.2d 71, 73 (1973). Also see *Roberts v. State,* Tex.Civ.App., 350 S.W.2d 388 (1961); and *Citizens Electric Corporation v. Amberger,* Mo., 591 S.W.2d 736 (1979).

■ The fact that the jury set an "after taking" value outside of the range of evidence reflects a failure on its part to properly consider the evidence of "after taking" value. Such is reversible error since compensation must be determined by application of an "after taking" value ascertained from the evidence.

This is not to say that the amount of compensation resulting from the difference between the "before and after" rule is not vital to a proper verdict. If a jury took an "after value" of one witness and applied it to a "before value" of another witness, without more, the result could be unbelievable. Each witness can use different appraisal methods—income, reproduction, market data. Each witness can have a different opinion as to the highest and best use—agricultural, residential, commercial, etc. Each witness can make adjustments for different items—topography, soil, access to utilities, inflation, age of structures, location, etc. Each witness can apply different percentages to the adjustments. Each witness can find different costs of labor and materials. Each witness can find different rates of depreciation and obsolescense. Each witness can use different comparable sales. Each witness can differ as to the cost of money or cost of management. These and other differences often surface in an eminent domain proceeding. Because of these differences, strange results could occur if that applied by one witness in obtaining his "before value" were not carried forward for use in obtaining a corresponding "after value." For example, if witness Reed's "before" value ($573,200.00) were used together with witness Williams' "after" value ($815,000.00), the landowner would owe the condemnor $241,800.00. See *Genge v. City of Baraboo,* 72 Wis.2d 531, 241 N.W.2d 183 (1976).

■ . The jury must gauge the credibility of the witnesses and of their appraisal methods and techniques and arrive at a "before" and at an "after" value, both within the ranges of evidence presented for such purposes. *But* to avoid an unbelievable result, *it must also* end up with a difference between the two within the range of the differences resulting from the "before" and "after" values of each witness.

"The range of the testimony concept has been held to apply to the before and after values *as well as* to the final award of damages." (Emphasis added.) 5 Nichols on Eminent Domain, supra, § 17.1[4], p. 17–21, 1983 Cum.Supp.

The jury verdict was within the range of the evidence relative to the "before taking" value and relative to the final award of damages (differences between the "before and after" values), but it was not within the range of the evidence relative to the "after taking" value. A final award figure must result from a proper determination of the "before taking" value and the "after taking" value. The failure to determine a proper "after taking" value, i.e., within the range of testimony for such, was error.

A timely objection was made to the verdict for failure to determine an "after taking" value within the range of the evidence. The trial court erred in overruling the objection.

Inasmuch as this case must be returned for a new trial, it is proper for us to address the other issue presented on appeal inasmuch as it is bound to arise in the new trial. *Rocky Mountain Oil and Gas Association v. State,* Wyo., 645 P.2d 1163 (1982); and *Madison v. Marlatt,* Wyo., 619 P.2d 708 (1980).

Appellant contends the trial court erred in refusing an offered instruction directing the jury to not consider trespass damage to appellees' lands in determining compensation. Appellees agree that past or future trespass upon the remainder land is not to be considered in assessment of damages in partial-taking cases. *Coronado Oil Company v. Grieves,* supra. But appellees note that the only evidence which could possibly pertain to trespass damage was the following response to appellant's question on cross-examination of witness Williams concerning factors other than two comparable sales which were considered by him in arriving at his opinion: "[A] primary factor is

the fact that Mr. Mackey no longer has sole operation, sole control of his entire ranch."

■ The court did not abuse its discretion in refusing the offered instruction which was premised only on such testimony elicited by appellant on cross-examination. The instruction was not sustained by the evidence. *Beard v. Brown,* Wyo., 616 P.2d 726 (1980); and *Hernandez v. Gilveli,* Wyo., 626 P.2d 74 (1981).

Reversed and remanded for a new trial.

CARDINE, Justice, dissenting, with whom ROSE, Justice, joins.

I would affirm.

This case has now been tried twice to a jury. The first trial resulted in a verdict for the landowner in the amount of $49,995, *Energy Transportation Systems, Inc. v. Mackey,* Wyo., 650 P.2d 1152 (1982). The second trial resulted in a verdict for the landowner in the amount of $26,880. The majority would now send the case back for a third trial, not because the verdict is incorrect in amount, but because the jury didn't "do it" right. When form takes precedence over substance, something is wrong with what is occurring.

Section 1–26–702(b), W.S.1977, Cum. Supp.1983, states:

"(b) If there is a partial taking of property, the measure of compensation is the greater of the value of the property rights taken or the amount by which the fair market value of the entire property immediately before the taking exceeds the fair market value of the remainder immediately after the taking."

I would hold that this statute establishes the method and procedure which must be followed by witnesses in first determining and then testifying to the measure of just compensation for the taking. Once the witnesses have given their opinion of what they find would be just compensation, the jury, then considering all of the evidence and testimony and applying their own common sense, experience and judgment to it, should return a general verdict after being instructed that the award of damage for the taking must fall within the high and low determinations established by the evidence. They should not be required to return a special verdict or be

"* * * required to explain the exact thought processes they utilized nor are they required to develop and apply a mathematical formula which can be programmed, computerized and then reviewed by the district court like an algebraic equation. * * *" *United States v. 573.88 Acres of Land, More or Less, in Crawford et al., Counties, State of Indiana,* 531 F.2d 847, 849 (7th Cir.1976).

Four expert witnesses testified to the fair market value of the ranch before and after the taking by condemnation. The value before taking ranged from a low of $573,200 to a high of $860,000 and after taking from a low of $572,382 to a high of $815,000. Each expert also testified to the difference between the respective high and low values determined by him, which, in his opinion, was the amount appellee should have recovered. These differences ranged from a low of $818 to a high of $68,320. The verdict, $26,880, falls within the range of verdicts proper in the opinion of the experts.

These types of cases are costly to present. Expert opinion evidence is most often required. Too many cases are being reversed and sent back for retrial. See, *Commonwealth, Depart. of Highways v. Stephens Estate,* Ky., 502 S.W.2d 71 (1973), and cases cited therein; *Citizens Electric Corp. v. Amberger,* Mo.App., 591 S.W.2d 736 (1979). The market value of property is always a matter of opinion. The values testified to by the witnesses and the numbers they assign are not precise. Yet, the majority seems to treat them as precise and the final determinations of just compensation as a figure to be arrived at by exact mathematical computation. It has never been that and never will be. If the amount of the verdict, in all events, falls within the range of just compensation as determined by the witnesses testifying and all of the evidence presented, it ought to be affirmed, if it can be sustained on any reasonable basis.

In this case the jury found the value before taking to be $574,800. That was in the low range of value testified to by one of appellant's expert witnesses. One of appellee's expert witnesses testified that the diminution in value as a result of the taking was 5 percent and the other testified it was 18 percent. Appellee's witnesses determined values immediately before and immediately after taking as required by § 1–26–702(b), supra, and correctly determined the percentage diminution. What occurred then was that the jury essentially accepted the value before taking of appellant's expert; but found not credible his suggestion that the diminution in value because of the taking was $818 (.14 percent). The jury then accepted the testimony of one of appellee's expert witnesses that the diminution in value as a result of the taking was approximately 5 percent, and arrived at a value after taking of $547,920. Thus, the jury accepted the testimony of appellant's expert to arrive at a value before and the testimony of appellee's expert to determine the diminution in value and also the value after taking. These determinations by the jury were reasonable, within and supported by the evidence presented.

A number of cases have held that

"* * * a jury is at liberty to reach its conclusion by blending all of the evidence admitted before them, aided by their own experience and knowledge of the subject of inquiry; that they are not compelled to accept all the testimony of any witness or to reject it all. Moreover, opinion evidence is not conclusive and a jury may consider and accept or reject such opinions or it may find its own opinion from evidence and by utilizing its own experience in matters of common knowledge. * * *" *Silberstein v. State,* Tex.Civ. App., 522 S.W.2d 562, 564 (1975).

I do not propose here that we go so far as to permit a jury to return a verdict outside the range of fair compensation as established by the witnesses and evidence. That would not occur by affirming this verdict.

The jury should be allowed considerable latitude in determining questions of credibility, weighing and accepting or rejecting evidence and resolving conflicts therein. We should affirm the amount of this verdict because it is supported by the evidence. This appellee landowner has borne the expense of two jury trials now. If a third trial is required and he ever makes a recovery for the taking of his property, it will probably be consumed by costs and expenses of the trials. That result is of concern and should be avoided.

There is a second reason why this verdict ought to be affirmed. I would hold that if there were error, it was harmless error, for as we have said before,

"* * * [I]n order [for appellant] to obtain a reversal here on such ground, even though his complaint might be well founded, he must go further and demonstrate that such claimed error prejudiced the substantial rights of plaintiff. [Citations.] On the record we conclude that this has not been accomplished." *Willis v. Asbury Transportation Co.,* Wyo., 386 P.2d 934, 937 (1963). See also, *Joelson v. State,* Wyo., 674 P.2d 229 (1984).

The verdict in the amount of $26,880 was a proper verdict. Had the jury been required by the court to retire and correct the high and low values in their verdict, they in all probability, after further instruction by the court concerning permissible high and low values before and after taking, would have done so; and the result would have been the same. In this circumstance, what prejudice has appellant shown? What is to be accomplished by a new trial?

I would affirm.