**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**May 7, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2023AP1725**

STATE OF WISCONSIN

Cir. Ct. No.  2022CV1145

IN COURT OF APPEALS
DISTRICT IV

VAN CAMP TRUST, JAMES A. VAN CAMP,
AND MARLAYNE C. VAN CAMP,

   PLAINTIFFS-APPELLANTS,

 V.

AMERICAN TRANSMISSION COMPANY LLC,
ATC MANAGEMENT INC., AND
DAIRYLAND POWER COOPERATIVE,

   DEFENDANTS-RESPONDENTS.

APPEAL from a judgment of the circuit court for Dane County: DIANE SCHLIPPER, Judge. *Affirmed*.

Before Graham, P.J., Blanchard, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.   James A. Van Camp, Marlayne C. Van Camp, and the Van Camp Trust (collectively, Van Camp) appeal a money judgment entered against them and in favor of American Transmission Company LLC, ATC Management Inc., and Dairyland Power Cooperative (collectively, ATC), following a jury verdict after a just compensation trial.  On appeal, Van Camp argues that the circuit court erred by allowing the jury to be informed of the effect of the special verdict.  Van Camp also argues that the court erred when it did not allow an appraiser called by Van Camp to testify about unpublished studies that the expert reviewed as a basis for his opinion.  We reject Van Camp's arguments and affirm the judgment.

¶2      After ATC acquired an easement for an electric transmission line on Van Camp's property, Van Camp commenced this circuit court action pursuant to WIS. STAT. § 32.06(10) (2023-24)[1] to appeal the just compensation award that ATC made to Van Camp under § 32.06(6).  Van Camp disputed the amount of just compensation it received, leading to a four-day jury trial.  The jury was tasked with returning a special verdict consisting of two factual determinations: the fair market value of the Van Camp property before the taking of the transmission line easement, and the value of the Van Camp property after the taking, assuming completion of the transmission line project.

¶3      Van Camp filed a pretrial motion in limine asking the circuit court to prohibit testimony, exhibits, and jury instructions regarding the effect of the special verdict.  The court ruled on Van Camp's motion as follows:

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

> I would grant the motion that the jury should not be shown or told the effect of the special verdict. But I disagree that the term[s] just compensation or damages does that, so I would deny the motion to exclude those terms. Certainly -- … and you obviously all know this; but if there's a specific objection during trial, of course I would hear that. And if the defendants go on and on and on about justice demanding a certain thing that might call for an objection[,] but [specifically regarding] the term[s] … just compensation or damages, I am going to deny the motion in limine to exclude those.

¶4      On appeal, Van Camp asserts that, as a result of the circuit court's ruling on the motion in limine, the jury heard witnesses and ATC's counsel make references to "just compensation" and "damages" during the trial. As an example, Van Camp cites ATC's counsel's statement during closing argument that the amount of compensation must be fair to both the landowner and "the public who's paying for the project." According to Van Camp, these references caused the jury to refocus its attention on the equitable question of what would be fair instead of concentrating on its factfinding duty of determining the value of the property before and after the taking. Van Camp argues that, under *Besnah v. City of Fond du Lac*, 35 Wis. 2d 755, 758-59, 151 N.W.2d 725 (1967), and *Zombkowski v. Wisconsin River Power Co.*, 267 Wis. 77, 81, 64 N.W.2d 236 (1954), a jury should not be informed of the effect of its answers to the questions of a special verdict in a takings case.

¶5      In another takings case, *CCH Investments LLC v. American Transmission Co.*, No. 2023AP896, unpublished slip op. (WI App Apr. 4, 2024), this court rejected arguments similar to the ones made here by Van Camp.[2] In

---

[2] In their briefs, both Van Camp and ATC cite *CCH Investments LLC v. American Transmission Co.*, No. 2023AP896, unpublished slip op. (WI App Apr. 4, 2024), for its persuasive value pursuant to WIS. STAT. RULE 809.23(3)(b).

*CCH Investments*, as in this case, the property owner filed a motion in limine seeking to preclude testimony, exhibits, and jury instructions regarding the effect of the special verdict in the just compensation trial. *Id.*, ¶12. The circuit court denied the motion and determined that references to compensation would be permissible so long as the concept of compensation was not a major focus of the testimony. *Id.*, ¶15. During the trial, both sets of attorneys and appraisers referenced the change in value to the property that resulted from the taking, and also referred to that number as the "compensation" that would have to be paid for the easement. *Id.*, ¶17. On appeal, the property owner challenged the court's ruling on its motion in limine, stating that the ruling violated the holdings in *Zombkowski* and *Besnah*. *Id.*, ¶11.

¶6 In affirming the circuit court, we stated that we were "not persuaded that the circuit court's ruling on CCH's motion in limine violated *Zombkowski*, *Besnah*, or any other case." *Id.*, ¶23. As we explained, "*Zombkowski* disapproved of a jury instruction that explained how 'damages' would be calculated in a takings case, *Zombkowski*, 267 Wis. at 81, and *Besnah* prescribed the proper form of the special verdict, *Besnah*, 35 Wis. 2d at 759." *CCH Investments*, No. 2023AP896, ¶24. We further explained:

> [Although *Zombkowski* or *Besnah* confirm that the general rule against informing the jury of the effect of the special verdict applies in a just compensation case, w]e do not read *Zombkowski* or *Besnah* as extending further to categorically prohibit any and all reference to the term "compensation" in a just compensation case. As our supreme court has explained, remarks by witnesses or attorneys are "not improper merely because an intelligent juror might be able to infer therefrom the effect upon the final result of [the juror's] answers to the special verdict." *Kobelinski v. Milwaukee & Suburban Transp. Corp.*, 56 Wis. 2d 504, 521, 202 N.W.2d 415 (1972).

*CCH Investments*, No. 2023AP896, ¶25.

¶7    In the instant case, no party disputes that the form of the jury instructions and special verdict were proper. As to references to compensation during trial testimony and argument, Van Camp contends that such references were more widespread in this case than in *CCH Investments*. However, Van Camp does not make any persuasive argument as to why this court's fundamental conclusions in *CCH Investments* about what *Zombkowski* and *Besnah* stand for should not be applied in this case. The circuit court enjoys broad discretion in making evidentiary rulings, and we must affirm those rulings if the court permissibly exercised its discretion by rationally applying the proper legal standard to relevant facts. *See, e.g.*, *Rembalski v. John Plewa, Inc.*, 2023 WI App 58, ¶10, 409 Wis. 2d 647, 998 N.W.2d 523. Here, we are not persuaded that the circuit court erroneously exercised its discretion when it declined to exclude, by motion in limine, all references during the trial to damages and just compensation.

¶8    We turn next to Van Camp's argument that the circuit court erred when it did not allow Van Camp's appraiser to testify at trial about unpublished studies conducted by other appraisers that the testifying appraiser reviewed to assist him in reaching his opinion. ATC objected to the potential testimony about unpublished studies on hearsay grounds. The court sustained the objection and excluded the testimony. On appeal, Van Camp argues that the exclusion of the hearsay testimony on the topic of unpublished studies that the appraiser relied on was an erroneous exercise of discretion.

¶9    We need not reach the merits of Van Camp's argument because we conclude that the issue is forfeited. Van Camp did not address the matter of excluded hearsay in a motion in limine. Accordingly, Van Camp would have needed to raise the circuit court's alleged error regarding that issue in a postverdict motion in order to preserve its right to appeal the issue. *See Ford Motor Co. v.*

*Lyons*, 137 Wis. 2d 397, 417, 405 N.W.2d 354 (Ct. App. 1987). Van Camp did not do so and, therefore, the issue is forfeited. *See **Schill v. Wisconsin Rapids Sch. Dist.***, 2010 WI 86, ¶45, 327 Wis. 2d 572, 786 N.W.2d 177 (when an issue was never raised in the circuit court, we generally treat the issue as having been forfeited).

> *By the Court.*—Judgment affirmed.

> This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.